VELASQUEZ, Appellant,

v.

GHEE et al., Appellees.

[Cite as *Velasquez v. Ghee* (1996), 108 Ohio App.3d 409.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 95CA006113.

Decided Jan. 3, 1996.

*Jose A. Velasquez, pro se.*

*Betty D. Montgomery,* Attorney General, and *Todd R. Marti,* Assistant Attorney General, for appellees.

SLABY, Judge.

Jose Velasquez appeals from the trial court's decision to grant a motion to dismiss filed by Margarette Ghee, who is the chairperson of the Ohio Adult Parole Board. We affirm.

Velasquez, who is incarcerated, was denied parole. He brought a complaint alleging that his rights under Sections 1 and 16, Article I of the Ohio Constitution were violated by the decision to deny him parole. Ghee moved to dismiss, arguing that Velasquez failed to state a claim for declaratory relief. The trial court granted the motion to dismiss on the basis that Velasquez failed to "state a claim." We reversed and remanded, finding that such a statement is insufficient to decide a declaratory judgment action. *Velasquez v. Ghee* (1994), 99 Ohio App.3d 52, 54, 649 N.E.2d 1284, 1285. On remand, the trial court again granted Ghee's motion to dismiss.

Velasquez appeals and assigns one error:

"The trial court committed error of a substantial constitutional magnitude denying [Velasquez] due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution, and Section 16, Article I, to the Ohio Constitution, when that court dismissed [Velasquez]'s complaint and petition for declaratory judgments on the grounds that the complaint and petition stated no real controversy [*sic*] or justiciable issue exists between the parties, where the complaint and petition stated: (1) a real controversy between the parties; (2) a controversy which is justiciable in character; and, (3) a situation where speedy relief is necessary to preserve the rights of the parties."

In its judgment entry, the trial court summarily found that "no real controversy or justiciable issue exists between the parties." Ghee concedes that this finding was likely erroneous in light of R.C. 2721.03. However, a trial court's

judgment must be affirmed if any valid grounds support it. *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174–175. Thus, "a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof." *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 92, 637 N.E.2d 306, 309.

█ Velasquez's argument is predicated on Sections 1 and 16, Article I of the Ohio Constitution. Those sections, along with Sections 2 and 19, Article I provide substantially the same safeguards as does the Fourteenth Amendment to the United States Constitution. *State ex rel. Heller v. Miller* (1980), 61 Ohio St.2d 6, 8, 15 O.O.3d 3, 4–5, 399 N.E.2d 66, 67–68. While Velasquez notes that his argument is predicated on state law, not federal, we may use cases that interpret a federal constitutional provision in order to interpret a corresponding state constitutional provision. *Id.;* see, also, *Peebles v. Clement* (1980), 63 Ohio St.2d 314, 317–318, 17 O.O.3d 203, 204–205, 408 N.E.2d 689, 691–692.

We find that Velasquez does not have a state-law-based right to parole. The United States Supreme Court has stated that a convicted person has no constitutional right to be conditionally released prior to the expiration of a valid sentence. *Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex* (1979), 442 U.S. 1, 7, 99 S.Ct. 2100, 2103–2104, 60 L.Ed.2d 668, 675. Because R.C. 2967.03 makes the parole decision discretionary, a prisoner who is denied parole is not deprived of liberty. *State ex rel. Hattie v. Goldhardt* (1994), 69 Ohio St.3d 123, 125, 630 N.E.2d 696, 697–698. As such, Velasquez has no right to parole, and the decision to deny him parole did not affect any of his constitutional rights. The trial court committed no error prejudicial to Velasquez.

Velasquez's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, J., concurs.

BAIRD, P.J., concurs separately.

BAIRD, Presiding Judge, concurring.

As pointed out in our previous opinion, and as conceded by counsel for the appellee, the dismissal of this case was not proper. However, pursuant to this court's authority to do that which the trial court should have done, the language of today's opinion provides the appellant with a declaration of his rights. It is on that basis that I concur.