DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant, Kelly Lee Parsons, appeals the judgment of the Summit County Court of Common Pleas denying his motion to withdraw his guilty plea. We affirm.
 {¶ 2} Defendant was indicted on June 20, 1990, for aggravated murder, in violation of R.C. 2903.01(B), with a specification for imposing death or imprisonment for a capital offense under 2929.04(A)(7), and aggravated robbery, in violation of R.C. 2911.01(A)(1). Defendant entered a guilty plea, and the trial court dismissed the specification as to count one of the indictment. Defendant was sentenced to life imprisonment on the count of aggravated murder and 10 to 25 years on the aggravated robbery count. The court ordered the sentences to run concurrently.
 {¶ 3} Defendant appeared for a parole hearing on November 10, 2003. His parole was denied and he was informed that, due to the revised parole eligibility guidelines, he would not be eligible for parole until he had served 300 months (or 25 years) in prison.[1]
 {¶ 4} On March 29, 2004, Defendant filed a motion to withdraw his guilty plea, pursuant to Crim. R. 32.1. In his motion, Defendant alleged that when he originally entered his guilty plea, he believed that he would eligible for parole before he had served 300 months. He maintained that it was manifest injustice to subject him to the new parole guidelines when, at the time he had entered his plea, he believed that he would be entitled to parole at an earlier date. Defendant's motion to withdraw his guilty plea was denied on June 25, 2004. Defendant appeals, raising one assignment of error for our review.
 ASSIGNMENT OF ERROR
"To the prejudice of [Defendant], the trial court committed plain error, abused its discretion and violated [Defendant's] due process rights and equal protection rights under state and federal laws, state and federal case law, Layne v. Ohio Adult Parole Authority,97 Ohio St.3d 456, 780 N.W.2d 548, theFourteenth Amendment to the United States Constitution and Article One of the Ohio Constitution, when the trial court based its findings that no manifest injustice occurred in the instant case when the [Adult Parole Authority] changed the terms and conditions of the guilty plea at [Defendant's] November 10, 2003, parole eligibility hearing and dismissed [Defendant's] Crim. R. 32.1 motion."
 {¶ 5} In his only assignment of error, Defendant alleges that the trial court erred in denying his motion to withdraw his guilty plea. We disagree.
 {¶ 6} It is within the trial court's sound discretion to determine whether there is a legitimate and reasonable basis for the withdrawal of a guilty plea, and absent an abuse of discretion, the trial court's decision on the matter must be affirmed. State v. Remines (Feb. 25, 1998), 9th Dist. No. 97CA006700, at 3, citing State v. Xie (1992),62 Ohio St.3d 521, 527. An abuse of discretion is more than an error of judgment; it implies a decision that is "unreasonable, arbitrary, or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 7} Crim. R. 32.1 dictates when a motion to withdraw a guilty plea or no contest plea may be made. It provides that the motion "may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Id.
 {¶ 8} A defendant does not have an absolute right to withdraw his guilty plea. Xie, 62 Ohio St.3d 521, at paragraph one of the syllabus. Pursuant to Crim. R. 32.1, a post-sentence motion to withdraw a guilty plea must demonstrate a manifest injustice. State v. Smith (1977),49 Ohio St.2d 261, paragraph one of the syllabus. In this case, Defendant filed his post-sentence motion to withdraw his guilty plea fourteen years after he was sentenced. Defendant has the burden of establishing the existence of manifest injustice. State v. Gegia, 157 Ohio App.3d 112,2004-Ohio-2124, at ¶ 8.
 {¶ 9} In this case, Defendant alleges, essentially, that it was a manifest injustice that his parole was not granted. Defendant appeared before the Ohio Adult Parole Authority (APA) and the Ohio Administrative Adult Parole Unit (APU) on November 10, 2003 for parole consideration. After the parole hearing, Defendant was informed that his parole was denied and that, pursuant to the implemented revised parole eligibility guidelines, Defendant would not be eligible for parole until he had served three hundred months in prison. Defendant then filed a motion to withdraw his guilty plea, claiming that when he had entered his guilty plea he had been told that he would be eligible for parole earlier, and thus, manifest injustice had occurred.
 {¶ 10} In denying Defendant's motion, the trial court noted that "the record is clear that the Court informed Defendant merely that he could be eligible for parole in twenty years." Further, the court stated that "[a] review of the transcripts of Plea and Sentencing indicates that there was no promise made to Defendant by the Court or other entity that he would be released on parole at any specific time or at all." Based on the above findings, the trial court determined that Defendant had not established the existence of manifest injustice, and denied his motion to withdraw his guilty plea. A review of the sentencing transcript indeed shows that Defendant was neither promised a specific release date, nor was he told that he was definitely entitled to parole at a certain time.
 {¶ 11} Contrary to Defendant's assertions, the imposition of new parole guidelines does not create a manifest injustice. Defendant was sentenced to life in prison. The statutes that Defendant was sentenced under, at that time, carried parole eligibility after twenty years, but his sentence was for life. See former R.C. 2929.03(A) (1990) and2967.13(C)(1990). At his parole hearing, the APA found that Defendant had committed a Category 13 offense which carried with it a minimum range of 300 months, or 25 years, to life. Defendant was granted a 40 month credit for completing various programs, adjusting his remaining time to be served before his next parole hearing to 96 months. The new parole guidelines affected the date that Defendant would be eligible for, but not entitled to, parole.
 {¶ 12} The Ohio Supreme Court found that the application of new parole guidelines which would change a defendant's parole eligibility date does not create an ex post facto imposition of punishment. State ex rel.Henderson v. Ohio Dept. of Rehab. Corr. (1998) 81 Ohio St.3d 267, 268. A defendant "has no constitutional or statutory right to parole, he [also] has no similar right to earlier consideration of parole." (Internal citations omitted.) Id.
 {¶ 13} "[A] convicted person has no constitutional right to be conditionally released prior to the expiration of a valid sentence."Velasquez v. Ghee (1996), 108 Ohio App.3d 409, 411, citing Greenholtzv. Inmates of the Nebraska Penal Corr. Complex (1979), 442 U.S. 1, 7,60 L.Ed.2d 668. A decision to grant parole is discretionary, thus "a prisoner who is denied parole is not deprived of liberty." Velaquez,108 Ohio App.3d at 411, citing State ex. rel. Hattie v. Goldhardt
(1994), 69 Ohio St.3d 123, 125.
 {¶ 14} Defendant has no constitutional right to parole. A decision denying him parole does not affect his constitutional rights. SeeVelasquez, 108 Ohio App.3d, at 411. The imposition of new parole guidelines was not a manifest injustice. See id. Therefore, we do not find that the trial court abused its discretion by denying Defendant's motion to withdraw his guilty plea. Defendant's assignment of error is overruled.
 {¶ 15} We overrule Defendant's assignment of error and affirm the judgment of the Summit Count Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J., Batchelder, J., Concur.
[1] Defendant was given 40 months credit towards the 300 months he was required to serve for completing various prison programs.