DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Nathaniel West has appealed the decision of the Lorain County Court of Common Pleas denying his motion to withdraw his guilty pleas. We affirm.
 I {¶ 2} On April 1, 2003, the Lorain County Grand Jury returned a nine count indictment against Appellant wherein he was charged with two counts of aggravated murder with capital murder specifications; two counts of attempted aggravated murder; two counts of kidnapping; two counts of aggravated burglary; and one count of felonious assault. The indictment stemmed from the events of March 15, 2003 when Appellant broke into the home of Kimberly Barker ("Barker"), assaulted her at knife-point, then killed Brent Tyler ("Tyler").
 {¶ 3} On May 2, 2003, Appellant pleaded not guilty by reason of insanity to all of the charges contained in the indictment. On October 3, 2003, Appellant was found competent to stand trial, and on February 23, 2004, Appellant withdrew his plea of not guilty by reason of insanity and maintained his plea of not guilty to all of the charges.
 {¶ 4} On July 14, 2004, a plea hearing was held and the State announced that a plea agreement was reached between Appellant and the State. Pursuant to the plea agreement, Appellant agreed to plead guilty to the felonious assault of Tyler, as amended from aggravated murder with a capital murder specification; the murder of Tyler, as amended from aggravated murder with a capital murder specification; the kidnapping of Barker as originally charged in the indictment; the aggravated burglary of Barker's home as originally charged in the indictment; and the felonious assault of Barker as originally charged in the indictment. The terms of the plea agreement further stated that Appellant would be sentenced to a term of incarceration of fifteen years to life for the murder conviction; two years incarceration for each of the felonious assault convictions; three years incarceration for the kidnapping conviction; and three years incarceration for the aggravated burglary conviction. It was agreed that the two year term of incarceration for the felonious assault of Barker and the fifteen years to life term of incarceration for the murder of Tyler would be served consecutively, the felonious assault term commencing first. The remaining terms of incarceration were to be served concurrently to the consecutive terms, resulting in Appellant being slated to serve seventeen years to life in prison for his crimes. Appellant also agreed to allocute his remorse to Tyler's family at the time of sentencing.
 {¶ 5} On July 23, 2003, Appellant's sentencing hearing was held at which time Appellant made an oral motion to withdraw his guilty plea. A hearing was held on his motion to withdraw his plea; the trial court denied his motion at the end of the hearing and proceeded to conduct Appellant's sentencing hearing. Contrary to the plea agreement, Appellant refused to allocute at the sentencing hearing. Regardless of his failure to allocute, the trial court proceeded to sentence Appellant to a term of incarceration of seventeen years to life pursuant to the terms of the plea agreement.[1]
 {¶ 6} Appellant has timely appealed the trial court's decision denying his motion to withdraw his guilty pleas, asserting four assignments of error. We have consolidated two of his assignments of error for ease of analysis.
 II Assignment of Error Number One
"[Appellant] was denied due process of law when he entered pleas of guilty when he did not receive real notice of the true nature of the charge."
 {¶ 7} In his first assignment of error, Appellant has argued that the trial court erred when it accepted his guilty pleas. Specifically, Appellant has argued that his pleas were not voluntarily, knowingly or intelligently given, and thus constitutionally infirm, because the trial court did not recite the elements of each offense to which Appellant pleaded guilty. We disagree.
 {¶ 8} A plea cannot sustain a judgment of guilt unless it is voluntarily made. Henderson v. Morgan (1976), 426 U.S. 637, 645,96 S.Ct. 2253, 49 L.Ed.2d 108. Pursuant to Crim.R.11(C)(2), before a trial court can accept a plea of guilty from a criminal defendant, it must engage in a colloquy with the defendant and inform the defendant that by entering a plea of guilty to the charges, the defendant is waiving his constitutional privilege against self-incrimination; the right to a trial by jury; the right to confront and cross-examine his accusers; and the right to compulsory process of witnesses in his defense. State v.Fitzpatrick (2004), 102 Ohio St.3d 321, 328; State v. Ballard (1981),66 Ohio St.2d 473; State v. Holt, 9th Dist. No. 21835, 2004-Ohio-3252, at ¶ 8.
 {¶ 9} This Court has previously held that Crim.R. 11:
"[R]emedies the problems inherent in a subjective judgment by the trial court as to whether a defendant has intelligently and voluntarily waived his constitutional rights and ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made." (Citations and quotations omitted.) Holt, at ¶ 7.
 {¶ 10} If a reviewing court finds that the trial court "engaged in a meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights in a manner reasonably intelligible to that defendant[,]" then the decision of the trial court to accept the criminal defendant's guilty plea must be affirmed. (Citations and quotations omitted.). Holt, at ¶ 9. See, also, Ballard, Ohio St.2d, at paragraph two of the syllabus.
 {¶ 11} However, a criminal defendant must have a full and complete understanding of the charges to which he is pleading guilty; otherwise the plea is not voluntary. Fitzpatrick, 102 Ohio St.3d at 329, citingHenderson, 426 U.S. at 645. If a criminal defendant claims that he did not understand the charges to which he has pled guilty, such as we have in the instant matter, then a reviewing court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit. Henderson, 426 U.S. at 644.
 {¶ 12} In the instant matter, Appellant first has argued that he did not understand the nature of the charges to which he pled guilty because the trial court did not inform him of the elements of each offense prior to accepting his pleas. In response, the State has argued that based upon the totality of the circumstances, Appellant did have an understanding of the charges to which he pled guilty and his pleas were voluntarily made.
 {¶ 13} Our careful review of the record reveals that the State read the amended charges into the record and explained the parameters of the plea agreement to the trial court at the plea hearing. The State also dismissed four of the charges against Appellant at that time. The trial court then carefully articulated the charges to which Appellant had agreed to plead guilty, explained to Appellant the potential prison term he would incur if he pled guilty to the charges, and asked Appellant if he understood each charge and its potential prison term. Appellant stated that he understood each charge and its potential prison term. The trial court then informed Appellant that by pleading guilty to the charges, he waived his right to a jury trial; to confront and cross-examine any witnesses presented against him by the State; to subpoena witnesses in his own defense; and to force the State to prove his guilt beyond a reasonable doubt. Finally, the trial court informed Appellant that Appellant did not have to testify in his own defense, and that a fact finder could not use his silence against him as an admission of guilt. Appellant stated that he understood his right to remain silent during a potential trial. We note that the trial court stopped after it named and explained each constitutional right, and Appellant answered the trial court's query regarding each constitutional right before the trial court proceeded to name and explain the next constitutional right.
 {¶ 14} The trial court then went on to ask Appellant if he had been given any promises or representations other than the plea agreement as inducement to accept the State's plea offer, to which Appellant responded no. Appellant verified his signature on the plea sheet that reflected the charges to which Appellant pled guilty, then stated that he had reviewed the plea sheet with his attorney, understood the plea agreement, and was satisfied with both his attorney's legal representation and the outcome of his case. Finally, the trial court asked Appellant the following series of questions:
"[Trial Court:] Is there any information on this yellow plea sheet that you are confused about or that you think might be wrong?
"[Appellant:] No, my attorney[']s pretty much cleared it up.
"[Trial Court:] And is there anything going on in court that you do not understand?
"[Appellant:] No."
 {¶ 15} Following this colloquy, the trial court then asked Appellant how he wished to plea to the charges. Appellant responded by entering a plea of guilty to each of the five charges. The trial court accepted his guilty pleas, stating that the plea agreement "was entered knowingly, voluntarily and intelligently."
 {¶ 16} Although the trial court did not engage in a full recitation of each and every element of the offenses charged in the amended indictment, the Supreme Court of Ohio has held that "a detailed recitation of the elements of the charge is not required under Crim.R. 11(C)(2)(a)." Fitzpatrick, 102 Ohio St.3d at 329, quoting State v. Swift
(1993), 86 Ohio App.3d 407, 412. What is required, however, is a colloquy between the trial court and the defendant that satisfies Crim.R. 11(C)(2). Fitzpatrick, 102 Ohio St.3d at 328.
 {¶ 17} It is clear to this Court that Appellant and the trial court engaged in the proper Crim.R. 11(C) colloquy when Appellant entered his guilty pleas. Appellant stated that he understood the charges against him, that he understood the constitutional rights he would forego and the significant prison term he would face as a result of his guilty pleas, and that he had consulted with his attorneys prior to signing the plea sheet and entering his guilty pleas.
 {¶ 18} Based on the totality of the circumstances, this Court finds that Appellant did have an appropriate understanding of the charges to which he pled guilty. As a result, we reject Appellant's argument that his guilty pleas were not voluntarily made. Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two
"[Appellant] was denied due process of law when the [trial] court refused to allow [appellant] to withdraw his plea[s]."
 Assignment of Error Number Three
"[Appellant] was denied due process of law when the [trial] court did not allow [appellant] to withdraw his pleas of guilty where the prosecutor claimed a breach of [the] plea bargain agreement."
 {¶ 19} In his second and third assignments of error, Appellant has argued that the trial court abused its discretion when it refused to let him withdraw his guilty pleas. Specifically, Appellant has argued that his purported new evidence as well as his failure to allocute entitled him to withdraw his guilty pleas. We disagree.
 {¶ 20} A criminal defendant may withdraw his guilty plea prior to sentencing if the criminal defendant has presented a legitimate and reasonable basis for the withdrawal of the guilty plea. State v.Parsons, 9th Dist. No. 22200, 2005-Ohio-268, at ¶ 6, citing State v.Remines (Feb. 25, 1998), 9th Dist. No. 97CA006700, at 3. Whether or not the criminal defendant has presented the proper basis to withdraw a guilty plea is left to the sound discretion of the trial court. Parsons,
at ¶ 6. Therefore, this Court reviews a trial court's decision whether or not to allow a criminal defendant to withdraw his guilty plea for an abuse of discretion. Id. An abuse of discretion is more than an error in judgment or law; it is a decision that implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 21} Crim.R. 32.1 governs motions to withdraw guilty pleas and states that a motion "may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A motion to withdraw a guilty plea, if done prior to imposition of sentence, "should be freely and liberally granted." State v. Xie (1992),62 Ohio St.3d 521, 527. However, such a liberal posture should not be construed as an unfettered right of the criminal defendant to withdraw a guilty plea. Id. The burden to provide a reasonable and legitimate reason justifying withdrawal of the guilty plea falls squarely upon the criminal defendant. State v. Jenkins, 9th Dist. No. 22008, 2005-Ohio-11, at ¶ 5.
 {¶ 22} This Court has long held that a trial court does not abuse its discretion when it denies a criminal defendant's pre-sentence motion to withdraw a guilty plea if the following three elements are present:
"(1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw the guilty plea." State v. Pamer, 9th Dist. No. 04CA0027-M, 2004-Ohio-7190, at ¶ 10, citing State v. Rosemark (1996), 116 Ohio App.3d 306, 311.
 {¶ 23} Furthermore, the trial court's decision in response to a criminal defendant's pre-sentence motion to withdraw a guilty plea must also take into consideration "the facts and circumstances of each case." (Citations omitted.) Pamer, at ¶ 11. Therefore, this Court must also take those same facts and circumstances into consideration as we review the trial court's decision. Id.
 {¶ 24} Defendant first has argued that after he pled guilty but before sentence was imposed for the same, he discovered new evidence that would aid his defense. The State has argued that the trial court conducted an evidentiary hearing on Appellant's purported new evidence, and that said new evidence was irrelevant to Appellant's defense.
 {¶ 25} The record reveals that when Appellant appeared in court for sentencing, Appellant made an oral motion to withdraw his guilty pleas. In his oral motion, Appellant stated that he had some "possible evidence" in the form of two letters from Barker, and that the letters would "clear [him] of some of the charges [he had] been accused of."
 {¶ 26} The record indicates that a full hearing was held on Appellant's motion. The trial court questioned Appellant regarding his motion and the State presented arguments in opposition to Appellant's motion. The trial court read Barker's letters during the hearing and marked both as exhibits. At the close of the hearing on Appellant's motion, the trial court ruled that the letters from Barker were not newly discovered evidence and that Appellant's motion evidenced not a legitimate basis to withdraw his guilty plea, but rather a mere "change of heart" on the part of Appellant. As such, the trial court denied the motion and proceeded to sentence Appellant.
 {¶ 27} This Court has read Barker's letters to Appellant and we concur with the trial court's determination that the letters did not constitute new evidence or a legitimate basis for Appellant to withdraw his guilty plea. The letters are merely Barker's statements that she feels sorry for Appellant. Thus we reject Appellant's argument that the trial court abused its discretion when it denied his motion to withdraw his guilty pleas based upon newly discovered evidence.
 {¶ 28} Appellant next has argued that his refusal to allocute at sentencing pursuant to the plea agreement constituted his breach of the plea agreement and thus entitled him to withdraw his guilty pleas. In response, the State has argued that when Appellant refused to allocute, the State decided to excuse specific performance of the allocation element of the plea agreement rather than rescind the plea agreement and proceed to trial. The State has further argued that Appellant should not be permitted to benefit from his breach of the plea agreement by being permitted to withdraw his guilty pleas.
 {¶ 29} It is well established that a plea agreement is viewed as a contract between the State and a criminal defendant and is, therefore, governed by principles of contract law. State v. Bray, 9th Dist. No. 03CA008241, 2004-Ohio-1067, at ¶ 24, quoting State v. Butts (1996),112 Ohio App.3d 683, 685-86. When either party to the plea bargain breaches the agreement, the non-breaching party "is entitled to either rescission or specific performance of the plea agreement." State v.Bonner, 4th Dist. No. 4-04-05 4-04-06 4-04-07, 2004-Ohio-6043, at ¶ 16, (Citation omitted). Whether or not to require specific performance of the plea agreement or allow withdrawal of the plea agreement depends upon the unique circumstances of each case and lies within the sound discretion of the trial court. State v. Mathews (1982),8 Ohio App.3d 145, 146, citing Santobello v. New York (1971),404 U.S. 257, 263, 925 S.Ct. 495, 30 L.Ed.2d 427.
 {¶ 30} In the instant matter, it is clear from the record that Appellant was the breaching party to the plea agreement. Appellant appeared at the sentencing hearing and refused to allocute per the terms of the plea agreement. Thus the State had the right, though not the obligation, to rescind the plea agreement. See Matthews,9 Ohio App.3d at 146. For Appellant to claim that he, as the party who breached the plea agreement, is entitled to benefit from his breach by withdrawing his guilty plea is akin to arguing that the party who breaches a contract should be rewarded for his breach. We summarily reject such a position. It is fundamental that the law will not reward a breaching party. City of Wooster v. Entertainment. One, Inc.,158 Ohio App.3d 161, 2004-Ohio-3846, at ¶ 66, quoting Marinaro v.Major Indoor Soccer League, 81 Ohio App.3d 42, 45. Based on the foregoing, we reject Appellant's argument that he was entitled to withdraw his guilty plea because he breached the terms of his plea agreement.
 {¶ 31} In sum, it is clear from the record that Appellant was represented by competent counsel, given a full hearing prior to entering the guilty plea, and given a full hearing prior to denying his motion to withdraw his guilty plea. Neither Appellant's purported new evidence nor his failure to allocute at the time of sentencing entitled him to withdraw his guilty pleas. As a result, we conclude that the trial court did not abuse its discretion when it denied Appellant's motion to withdraw his guilty pleas. Appellant's second and third assignments of error lack merit.
 Assignment of Error Number Four
"[Appellant] was denied due process of law when he was convicted on a plea of guilty in a capital case without following the statutory procedures for accepting a plea in a capital case."
 {¶ 32} In his fourth assignment of error, Appellant has argued that the trial court erred when it failed to convene a three judge panel when it accepted his plea of guilty. Specifically, Appellant has argued that the trial court was required to comply with R.C. 2945.06 when it accepted his guilty pleas because when Appellant was originally indicted, he was charged with an offense punishable by death. We disagree.
 {¶ 33} A trial court's application of a statute is a question of law and, therefore, reviewed de novo by this Court. Nigro v. Nigro, 9th Dist. No. 04CA008461, 2004-Ohio-6270, at ¶ 6. When applying the de novo standard of review, this Court gives no deference to the trial court's legal determinations. Id., citing Akron v. Frazier (2001),142 Ohio App.3d 718, 721.
 {¶ 34} Appellant has argued that because he was originally charged with a crime punishable by death, the trial court was required to engage in proceedings that conformed with R.C. 2945.06 and R.C. 2945.74. The State has argued that because Appellant did not plead guilty to a charge punishable by death, and because all of the capital murder specifications brought against Appellant were dismissed, R.C. 2945.06 and R.C. 2945.74
were inapplicable.
 {¶ 35} R.C. 2945.06 states, in pertinent part, that if a criminal defendant has been charged with a crime punishable by death or has pled guilty to aggravated murder, a three judge panel must be convened to determine his guilt or innocence. R.C. 2945.06. R.C. 2945.74 states that a criminal defendant may be convicted of a lesser included offense of that which he was charged. R.C. 2945.74.
 {¶ 36} Our review of the record reveals that two of the nine counts brought against Appellant in the original indictment included capital murder specifications and were, therefore, punishable by death. The record further reveals that, pursuant to a plea agreement, all of the capital murder specifications against Appellant were dismissed and Appellant pled guilty to one count of murder, two counts of felonious assault, one count of kidnapping and one count of aggravated burglary. Appellant did not plead guilty to any offense that was punishable by death.
 {¶ 37} The Supreme Court of Ohio has held that `"neither R.C. 2945.06
nor Crim.R. 11(C) require an examination and determination by a three-judge panel [where a defendant is] no longer charged with an offense punishable by death at the time he enter[s] his guilty plea."State v. Parker (2002), 95 Ohio St.3d 524, 526, citing State ex rel.Henry v. McMonagle (2000), 87 Ohio St.3d 543, 545. See, also, State v.Anderson, 9th Dist. No. 21569, 2003-Ohio-5784, at ¶ 14; State v.McDerment, 9th Dist. No. 02CA008117, 2003-Ohio-361, at ¶ 20. In Henry,
the criminal defendant was charged with several capital murder specifications. However, pursuant to a plea agreement, the State dismissed all of the capital murder specifications and the criminal defendant pled guilty to only non-capital offenses. In light of these facts, the Supreme Court of Ohio held that acceptance of the criminal defendant's guilty plea was not subject to the three judge panel procedure as outlined in R.C. 2945.06 Henry, 87 Ohio St.3d at 545.
 {¶ 38} Based on the foregoing, this Court finds that R.C. 2945.06 was inapplicable to the plea proceedings in the instant matter. Because Appellant did not have to be tried to a three judge panel, it follows that R.C. 2945.74 was inapplicable to the instant matter as well. Appellant's fourth assignment of error lacks merit.
 III {¶ 39} Appellant's four assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J., Batchelder, J. concur.
[1] In its judgment entry imposing sentence, the trial court ordered that the two year term of incarceration for the felonious assault of Tyler rather than Barker would run first and consecutively to the fifteen years to life term of incarceration for the murder of Tyler. It is well established that the trial court is not bound by the terms of a plea agreement and can depart from the State's recommendation of sentence.State v. Vonnjordsson (July 5, 2001), 9th Dist. No. 20368, at 3. Such departures are reviewed by this Court for an abuse of discretion.Cuyahoga Falls v. Bradley, 9th Dist. No. 21979, 2004-Ohio-4583, at ¶ 5. Finding none in the matter at bar, we affirm the trial court's sentence as imposed.