[Cite as *Stow v. Rietzel*, 2012-Ohio-2483.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO/CITY OF STOW

    Appellee

    v.

GEORGIA L. RIETZEL

    Appellant

C.A. No.    26094

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    2011CRB01620

DECISION AND JOURNAL ENTRY

Dated: June 6, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1} A gas station employee called police after Georgia Rietzel unplugged an ATM at the station to charge her cell phone. When officers arrived and spoke to Ms. Rietzel, they noticed significant delays in her comprehension and responses and other behavior they considered erratic. One of the officers, who was part of a K9 unit, walked his partner, Colt, around Ms. Rietzel's van. When Colt alerted on it, the officers searched it. Inside the van they found a marijuana pipe in the center console and another in the pocket of a skirt. They also found a tin of marijuana in a purse. The officers charged Ms. Rietzel with two counts of possession of drug paraphernalia and one count of possession of marijuana. Following a trial to the bench, a municipal court judge found her guilty of the offenses and sentenced her to 30 days in jail. Ms. Rietzel has appealed, arguing that the municipal court incorrectly denied her motion for judgment of acquittal and that her convictions are against the manifest weight of the

evidence. She has also argued that the municipal court's audio recording system failed to record the entire trial, denying her due process of law. We affirm because there was sufficient evidence to support her convictions, her convictions are not against the manifest weight of the evidence, and she had the opportunity to supplement the record under Rule 9(C) of the Ohio Rules of Appellate Procedure.

FACTS

{¶2} According to Ms. Rietzel, the day before her arrest, she drove from Pennsylvania with her brother to go to a Phish concert at Blossom Music Center. Before the concert, she met friends in the parking lot and told them that she had a cooler of food and water in her van and that she would leave it unlocked in case they wanted anything during the show. She said that she bought a ticket for the concert and entered the music center, thinking that her brother would join her in a little while. Instead, her brother invited a group of individuals into the van where they used drugs together throughout the concert. When the show was over, she drove her brother back to the hotel where they had reserved rooms.

{¶3} Ms. Rietzel testified that, when she woke the next morning, she discovered that her brother was not feeling well because of his drug use the previous day. They checked out of the hotel and drove across the street to get gas for their trip home. She tried to call her mother to let her know their plans, but discovered that her cell phone battery was dead. She, therefore, plugged her phone into an outlet to make her call. Instead of trying to assist her, the gas station clerk started accusing her of disrupting the ATM machine. She apologized and said that she would leave as soon as she finished her call, but police arrived moments later. She said that she was very nervous while talking to the officers and attributed her odd behavior to her anxiety.

She denied that the drugs or marijuana pipes in the van were hers, suggesting that they were likely placed there by the numerous people who were in her van during the concert.

MOTION FOR JUDGMENT OF ACQUITTAL

{¶4} Ms. Rietzel's second assignment of error is that the municipal court incorrectly denied her motion for judgment of acquittal. Under Rule 29(A) of the Ohio Rules of Criminal Procedure, a defendant is entitled to a judgment of acquittal on a charge against her "if the evidence is insufficient to sustain a conviction . . . ." Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo. *State v. Thompkins*, 78 Ohio St. 3d 380, 386 (1997); *State v. West*, 9th Dist. No. 04CA008554, 2005-Ohio-990, ¶ 33. We must determine whether, viewing the evidence in a light most favorable to the prosecution, it could have convinced the average finder of fact of Ms. Rietzel's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, paragraph two of the syllabus (1991).

{¶5} Officers charged Ms. Rietzel with possession of marijuana under Section 2925.11 of the Ohio Revised Code and possession of drug paraphernalia under Section 2925.14. Under Section 2925.11(A), "[n]o person shall knowingly obtain, possess, or use a controlled substance." Under Section 2925.14(C)(1), "[n]o person shall knowingly use, or possess with purpose to use, drug paraphernalia."

{¶6} Ms. Rietzel has argued that the City failed to prove that she knew there were drugs or marijuana pipes in her van. She has argued that, even though she owns the van, there were a number of people who could have left the pipes and drugs, including her brother.

{¶7} Officer Steven Miller testified that, when he looked into the van, he saw one of the marijuana pipes sitting in plain view in the center console. He said that the other pipe was in the pocket of a skirt. He also said that the tin with marijuana was inside a purse that was next to

the driver's seat. According to Officer Miller, after finding the drugs, he asked Ms. Rietzel if the purse belonged to her and she said that it did. She also told him that all of the female clothing in the van was hers. While she did not say that the drugs and pipes were hers, she admitted that she had used marijuana in the past.

{¶8} This Court has recognized that a person's knowledge about the presence of drugs can be inferred from circumstantial evidence. *State v. Little*, 9th Dist. No. 09CA009539, 2010-Ohio-101, ¶ 20. Viewing the evidence in a light most favorable to the City, the evidence established that one of the marijuana pipes was in plain view adjacent to Ms. Rietzel's seat. The other was in a skirt that belonged to her. In addition, the tin of marijuana was inside her purse. We, therefore, conclude that there was sufficient evidence that Ms. Rietzel knowingly possessed marijuana and drug paraphernalia. Her second assignment of error is overruled.

## MANIFEST WEIGHT

{¶9} Ms. Rietzel's first assignment of error is that her convictions are against the manifest weight of the evidence. If a defendant argues that her convictions are against the manifest weight of the evidence, we "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction[s] must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App. 3d 339, 340 (1986).

{¶10} Ms. Rietzel has argued that the drugs and marijuana pipes could have been placed by any of the numerous people who were in her van the night of the concert. She has argued that her van contained coolers, empty food containers, assorted male and female clothing, and other

items and that she simply failed to discover that there was contraband in it before officers searched it.

{¶11} The municipal court noted that Ms. Rietzel had testified that she did not leave any valuables in the van while she went to the concert. From her statement, it deduced that she must have taken her purse with her and, therefore, that the tin of marijuana could not have been placed in it by a random visitor to the van. It found that there was no testimony that there were any other women in the van besides Ms. Rietzel and did not believe that her brother would place one of his marijuana pipes in the pocket of a long skirt. It also found that, because the other pipe was in plain view in the center console of the van, Ms. Rietzel had at least joint possession of it.

{¶12} On direct examination, Ms. Rietzel's brother testified that there were at least 20 people in the van on the night of the concert and that they were a mix of men and women. He also testified that he was sure that some of them had drugs with them. On cross-examination, however, he said that he did not remember much about that day. He also admitted that, when police arrested him, there were items in his pocket that he did not know he had. When asked about his memory, Mr. Rietzel noted that there was "[d]efinitely a hazy period right before I got incarcerated."

{¶13} While Ms. Rietzel alleged that there were a number of other people who could have placed the drugs and marijuana pipes in her belongings, she failed to identify any of them besides her brother. Her brother also could not remember the names of any of the other people who allegedly had been in the van. He also could not remember whether the pipes and drugs found in the van were his. It was reasonable for the court to disbelieve the brother's testimony about how many people were in the van on the night of the concert, considering his contemporaneous drug use and that he could not even remember what was in his own pockets at

the time of his arrest. Given that Ms. Rietzel also admitted prior drug use, it was reasonable for the court to disbelieve her testimony about the reason for her odd behavior when speaking with police.

**{¶14}** Upon review of the record, we conclude that the municipal court did not lose its way when it found Ms. Rietzel knowingly possessed the tin of marijuana and the marijuana pipes. Her first assignment of error is overruled.

### GAPS IN TRANSCRIPT

**{¶15}** Ms. Rietzel's third assignment of error is that the municipal court denied her due process because the recording system for the trial did not capture all of the testimony. In particular, the first part of the City's cross-examination of Ms. Rietzel does not appear in the trial transcript. She has argued that this Court, therefore, should remand this matter and order the municipal court to conduct a new trial.

**{¶16}** Under Rule 9(C) of the Ohio Rules of Appellate Procedure, "[i]f no recording of the [trial] proceedings was made, if a transcript is unavailable, or if a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." This Court has determined that Appellate Rule 9(C) provides parties with "an adequate remedy" if there is trial testimony that cannot be transcribed. *State ex rel. Biehl v. Moore*, 9th Dist. 18463, 1997 WL 379668, *1 (June 13, 1997). *See State v. Brewer*, 48 Ohio St. 3d 50, 61 (1990) (concluding that a defendant must attempt to reconstruct the substance of unrecorded remarks under Appellate Rule 9(C) or (E) to establish their importance).

**{¶17}** Ms. Rietzel has asserted "that it is not possible for her to do anything further to supplement the record." There is no evidence, however, that she attempted to remedy the

missing parts of the trial transcript under Appellate Rule 9(C). We, therefore, conclude that she has failed to establish that the deficient recording system deprived her of her claimed right "to have a complete record for appellate review." Ms. Rietzel's third assignment of error is overruled.

CONCLUSION

{¶18} Ms. Rietzel's convictions are supported by sufficient evidence and are not against the manifest weight of the evidence. She has failed to establish that Appellate Rule 9(C) was not an adequate remedy to supplement the trial transcript with the missing parts. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

––––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P.J.
MOORE, J.
CONCUR.

APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

AMBER E. KEREK, Deputy Law Director, for Appellee.