[Cite as *State v. Kirk*, 2012-Ohio-5655.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | C.A. No.    26358 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CARL J. KIRK | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 11 06 1490 (B) |

DECISION AND JOURNAL ENTRY

Dated: December 5, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1} Officer Jeffrey Edsall stopped a car that was registered to someone with an active warrant. He arrested the driver, Carl Kirk, because Mr. Kirk's license was suspended. Upon searching the car, he found a backpack that contained two bottles in which methamphetamine was cooking. He also found a suitcase in the trunk that contained almost everything needed to make methamphetamine. The Grand Jury indicted Mr. Kirk for illegal manufacture of drugs, illegal assembly or possession of chemicals for the manufacture of drugs, possessing criminal tools, illegal use or possession of drug paraphernalia, carrying concealed weapons, improperly handling firearms in a motor vehicle, possession of marijuana, and driving under suspension. A jury found him guilty of illegal manufacture of drugs, illegal use or possession of drug paraphernalia, and driving under suspension, and the court found him guilty of possession of marijuana. The court sentenced him to three years imprisonment. Mr. Kirk has appealed,

arguing that the court incorrectly gave a complicity instruction, that it incorrectly denied his motion for judgment of acquittal, and that his convictions are against the manifest weight of the evidence. We affirm because the court properly instructed the jury, his convictions are supported by sufficient evidence, and his convictions are not against the manifest weight of the evidence.

FACTS

{¶2} Officer Edsall testified that he was on patrol running license plates when he came across a car whose owner had an active warrant. When he stopped the car, Mr. Kirk was in the driver's seat, Mr. Kirk's brother Rickey was in the front passenger seat, and another man was in the back seat. While looking in the car, Officer Edsall saw liquid bladders in a bowl in the center console that he recognized as a byproduct of methamphetamine production. He arrested Mr. Kirk for driving without a valid license and arrested Mr. Kirk's brother because there was a warrant for his arrest. He detained the other passenger, but later released him.

{¶3} According to Officer Edsall, when he searched Mr. Kirk, he found a marijuana pipe. When he searched the car, he found a backpack on the front passenger side that contained two two-liter bottles. Methamphetamine was cooking inside the bottles. In the front passenger area he also found a glass methamphetamine pipe and a gun. Inside the trunk, he found a suitcase that had "[a]lmost every component to make meth[.]" It contained "muriatic acid, Coleman fuel, pill wrappers, coffee filters, tubing, lithium strips, pliers, [and] aluminum foil." It also contained a traffic ticket that had been issued to Rickey Kirk. When questioned, Mr. Kirk told an officer that he had bought fish tubing for his brother earlier in the day, but claimed that he did not know what it was for. He also claimed that he did not know that methamphetamine was cooking inside his brother's backpack or what was inside the suitcase.

COMPLICITY INSTRUCTION

{¶4} Mr. Kirk's first assignment of error is that the trial court incorrectly instructed the jury on aiding and abetting because there was insufficient evidence to support it. Under Section 2923.03(A)(2) of the Ohio Revised Code, "[n]o person, acting with the kind of culpability required for the commission of an offense, shall . . . [a]id or abet another in committing the offense[.]" A complicity instruction is proper if "the evidence adduced at trial could reasonably be found to have proven the defendant guilty as an aider and abettor[.]" *State v. Perryman*, 49 Ohio St. 2d 14, paragraph five of the syllabus (1976), overruled on other grounds by *Perryman v. Ohio*, 438 U.S. 911 (1978). "To support a conviction for complicity by aiding and abetting . . . , the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime." *State v. Johnson*, 93 Ohio St. 3d 240, syllabus (2001).

{¶5} Mr. Kirk has argued that the backpack and suitcase in the car belonged to his brother and that there was no evidence that he knew what they contained. He has argued that he was only giving his brother a ride at the time of the stop and that his mere association with his brother is insufficient to constitute aiding and abetting.

{¶6} Officer David Crockett testified that he is a member of a clandestine lab enforcement team and that he assisted Officer Edsall after learning that the bottles contained methamphetamine. He testified that, in the center console of the car, there was a bowl that contained the bladders of instant-cold compresses. He explained that one of the ingredients for methamphetamine, ammonium nitrate, is found inside the compresses. Methamphetamine manufacturers cut them open to retrieve the ammonium nitrate and discard the bladders. He also

explained that, if a two-liter plastic bottle is being used to cook methamphetamine, it has to be "burped" occasionally to relieve pressure from the gases generated during the process. According to Officer Crockett, if the lid of the bottle is not opened to let the gasses out, the bottle could explode. Officer Crocket further explained that, once the cooking process is over, methamphetamine manufacturers convert the methamphetamine oil that it produces into a salt by exposing it to a gas that is delivered through fish tubing. The officer also testified that, when he interviewed Mr. Kirk, Mr. Kirk told him that he had used marijuana and methamphetamine before getting into the car with his brother and the other man.

{¶7} The State presented evidence that Mr. Kirk bought fish tubing for his brother, that he drove his brother around that same day while the brother was cooking methamphetamine, that the cooking process was going on in the front seat of the car with Mr. Kirk, that bladders from the instant-cold compresses were in the center console next to Mr. Kirk, and that the fish tubing was in a suitcase in the trunk of the car. Viewing this evidence in a light most favorable to the State, we conclude that it reasonably supports a finding that Mr. Kirk knowingly "supported, assisted, encouraged, cooperated with, advised, or incited" his brother in the production of methamphetamine. *State v. Johnson*, 93 Ohio St. 3d 240, syllabus (2001); R.C. 2925.04(A) (providing that "[n]o person shall . . . knowingly manufacture or otherwise engage in any part of the production of a controlled substance."). The trial court, therefore, correctly instructed the jury on aiding and abetting. Mr. Kirk's first assignment of error is overruled.

MANUFACTURE OF METHAMPHETAMINE

{¶8} Mr. Kirk's second assignment of error is that the trial court incorrectly denied his motion for judgment of acquittal. His third assignment of error is that the jury's verdict was against the manifest weight of the evidence. Although the jury and court found him guilty of

illegal manufacture of drugs, illegal use or possession of drug paraphernalia, driving under suspension, and possession of marijuana, Mr. Kirk has limited his arguments to his conviction for illegal manufacture of drugs.

{¶9} Under Rule 29(A) of the Ohio Rules of Criminal Procedure, a defendant is entitled to a judgment of acquittal on a charge against him "if the evidence is insufficient to sustain a conviction . . . ." Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo. *State v. Thompkins*, 78 Ohio St. 3d 380, 386 (1997); *State v. West*, 9th Dist. No. 04CA008554, 2005-Ohio-990, at ¶ 33. We must determine whether, viewing the evidence in a light most favorable to the prosecution, it could have convinced the average finder of fact of Mr. Kirk's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, paragraph two of the syllabus (1991). If a defendant argues that his convictions are against the manifest weight of the evidence, this Court "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction[s] must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App. 3d 339, 340 (1986).

{¶10} Mr. Kirk has argued that the jury's finding that he was not guilty of illegal assembly or possession of chemicals for the manufacture of drugs or possessing criminal tools demonstrates that there was no evidence that he knew what his brother had brought into the car. In criminal cases, however, a jury's verdict does not have to be consistent. *State v. Conway*, 108 Ohio St. 3d 214, 2006-Ohio-791, ¶ 27. Viewing the evidence in a light most favorable to the State, a trier of fact could reasonably infer that Mr. Kirk purchased the fish tubing for his brother so that his brother could make methamphetamine and that he drove his brother around as it was

cooking so that his brother could release the noxious gases from the bottles in a less conspicuous way.  Accordingly, we conclude that there was sufficient evidence that he aided and abetted his brother in the illegal manufacture of drugs.  Furthermore, although it is possible that Mr. Kirk did not know that his brother was cooking methamphetamine next to him in the car, the jury did not lose its way when it found him guilty of illegal manufacture of drugs.  Mr. Kirk's second and third assignments of error are overruled.

## CONCLUSION

{¶11}  The trial court correctly instructed the jury on aiding and abetting.  The jury's verdict is supported by sufficient evidence and is not against the manifest weight of the evidence.  The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

EDWIN C. PIERCE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.