[Cite as *State v. Serva*, 2021-Ohio-3077.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

JUSTIN A. SERVA,

        Defendant-Appellant.

CASE NO. 2020-P-0081

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2020 CR 00485

**O P I N I O N**

Decided: September 7, 2021
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Paul M. Grant*, 209 South Main Street, Eighth Floor, Suite 3, Akron, OH 44308 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Justin A. Serva, appeals the October 19, 2020 Judgment Entry of the Portage County Court of Common Pleas accepting his guilty plea to one count Sexual Battery and sentencing him to 60 months imprisonment. For the reasons set forth herein, the judgment is affirmed.

{¶2} In June 2020, appellant was charged in a five-count indictment: three counts of Rape, in violation of R.C. 2907.02(A)(2); Kidnapping, in violation of R.C. 2905.01; and Domestic Violence, in violation of R.C. 2919.25. The alleged victim was his girlfriend.

Appellant ultimately changed his initial not-guilty plea, and pleaded guilty to amended count one, Sexual Battery, in violation of R.C. 2907.03(A)(5)&(B), a felony of the third degree.

{¶3} The court modified the bond to personal recognizance allowing for his release from jail, conditioned on daily reporting and no contact with the victim. The parties agreed to jointly recommend a 24-month prison sentence if appellant did not commit any violations before sentencing. All parties understood that if he committed more than a technical violation, the state would recommend the full 60-month sentence. While awaiting sentencing appellant tested positive for methamphetamines and failed to meet all daily reporting requirements.

{¶4} The morning of his sentencing hearing, appellant made an oral motion to vacate his guilty plea based on an alleged apology letter from the victim calling into question the veracity of some of her statements to the police. Appellant stated he recognized the handwriting in the letter as that of the victim; the state had doubts about its authenticity. The court heard the matter, but ultimately denied the motion, finding appellant had entered his guilty plea knowingly, intelligently, and voluntarily.

{¶5} The court then sentenced him to 60 months imprisonment, plus a $300 fine and court costs. Appellant now assigns two errors for our review, which we address together:

{¶6} [1.] Trial court abused its discretion when it denied Mr. Serva's motion to withdraw his guilty plea because his plea was not knowingly, intelligently, and voluntarily made.

{¶7} [2.] Mr. Serva was denied his right to effective assistance of counsel guaranteed under the Sixth Amendment of the U.S. Constitution and Article I, Sections 1, 10, & 16 of the Ohio Constitution.

2

{¶8} Though appellant's motion was made prior to his sentencing, both appellant and appellee brief the issue as a post-sentence motion to withdraw a guilty plea. "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. On the other hand, "a presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). A criminal defendant may withdraw his guilty plea prior to sentencing if the criminal defendant has presented a legitimate and reasonable basis for the withdrawal of the guilty plea. *State v. Parsons*, 9th Dist. Summit No. 22200, 2005-Ohio-268, ¶6.

{¶9} Under either standard, "[a]n appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse-of-discretion standard." *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶15, citing *Smith, supra,* at paragraph two of the syllabus. The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.2008). However, even under the lower standard for a presentence motion to withdraw, we cannot agree the trial court abused its discretion in denying appellant his motion to withdraw his guilty plea.

3

{¶10} When evaluating motions to withdraw guilty pleas, this court has traditionally applied the four-part test set forth in *State v. Peterseim*, 68 Ohio App.2d 211 (8th Dist.1980):

> {¶11} 'A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.' *State v. David,* 11th Dist. Ashtabula No. 2016-A-0029, 2017-Ohio-1102, ¶19, quoting *Peterseim, supra,* at paragraph three of the syllabus.

{¶12} Here, the record indicates that a hearing was held on appellant's motion, and a hearing was held on the entry of his plea of guilty. At the former, the trial court questioned appellant regarding his motion and appellee presented arguments in opposition to the motion. The trial court considered appellant's testimony regarding the letter but did not allow it to be read into evidence as it was hearsay. Nevertheless, the court reaffirmed that appellant's plea was knowingly, intelligently, and voluntarily made. As such, it denied the motion and proceeded to sentence appellant. On appeal, appellant claims his guilty plea was involuntary as it was based on the incorrect legal advice of trial counsel. He also claims his counsel was ineffective for failing to request an extension of time to present additional evidence to support his motion to withdraw.

{¶13} "It is well-settled that 'a properly licensed attorney practicing in this state is presumed to be competent.'" *State v. Kornet*, 11th Dist. Portage No. 2013-P-0001, 2013-Ohio-3480, ¶31, quoting *State v. Prinkey*, 11th Dist. Ashtabula No. 2010-A-0029, 2011-Ohio-2583, ¶30, citing *State v. Lytle*, 48 Ohio St.2d 391, 397 (1976). "[W]e need not address the first prong (regarding the deficiency of counsel's performance) '[i]f it is easier

4

to dispose of an ineffectiveness claim on the ground of sufficient prejudice * * *.'" *State v. Batich*, 11th Dist. Ashtabula No. 2006-A-0031, 2007-Ohio-2305, ¶43, quoting *Strickland v. Washington,* 466 U.S. 668, 697 (1984).

{¶14} Appellant notes that at the hearing on his motion to withdraw, trial counsel stated he *might* have counselled appellant different if the letter had been sent earlier; however, without more, this does not constitute erroneous legal advice or ineffective assistance. Indeed, counsel advised appellant based on the information available to them at the time, before the alleged apology letter. Appellant points to no other way in which his trial counsel's advice was erroneous.

{¶15} Furthermore, the record shows that trial counsel did not believe the letter to be completely exculpatory, stating:

{¶16} Well, I think, Your Honor, she steps - - she comes close - - doesn't completely say that everything that happened was false. And I think without getting into the facts, I think, you know, being delicate here, I think, you know, I think there's an argument that some of what he was charged with he's guilty of, and I think he would probably acknowledge that, but - -

{¶17} It appears trial counsel did not believe the letter, even if authenticated, was exculpatory and did not deem it necessary to request a continuance to attempt to authenticate the letter or present additional evidence. Appellant does not demonstrate on appeal that trial counsel erred in not presenting additional evidence or that he was prejudiced by the exclusion.

{¶18} Prior to pleading guilty to an amended Count One, appellant received a full plea colloquy, a point not in dispute on appeal. The trial court deemed his plea to be knowingly, intelligently, and voluntarily made. As appellant has not shown that he was prejudiced by his trial counsel's failure to provide additional evidence at his motion to

5

withdraw or that he relied on the erroneous legal advice of his trial counsel, we cannot agree that his trial counsel was ineffective or that the trial court erred by deeming his plea to have been made knowingly, intelligently, and voluntarily.

{¶19} Accordingly, appellant's assignments of error are without merit.

{¶20} In light of the foregoing, the judgment of the Portage County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.

Case No. 2020-P-0081