DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Wood County Court of Common Pleas granting a motion for new trial. Because we conclude that the trial court did not err in granting a new trial and dismissing the indictment, we affirm.
 {¶ 2} This is the third time this case has come before us on appeal. In affirming the conviction of appellee, Ryan Roberts, for drug possession, in violation of RC. 2925.03, this court upheld the trial court's denial of appellee's motion to enforce a pre-indictment cooperation/plea agreement. That agreement was to not charge appellee with any crimes if he acted as a confidential informant and conducted drug buys for the police. See State v. Roberts (Apr. 30, 1999), Wood App. No. WD-98-025. As a result of the initial pre-trial hearing, the trial court found that an agreement with specific terms existed and that Roberts had, to the best of his ability, substantially performed his part of the agreement. Nevertheless, the court denied Roberts' motion to enforce the agreement, finding that the prosecutor's office was apparently unaware of the agreement made by the police.
 {¶ 3} In 2001, Roberts again sought and was granted a new trial based upon new evidence regarding the plea agreement. Upon appeal by the state, this court concluded that, in granting leave to file a motion for new trial, the trial court failed to make the requisite findings pursuant to Crim.R. 33(B). We again reversed the court's decision to grant Roberts' motion for a new trial and remanded the case for "proceedings consistent" with our decision. See State v. Roberts (Mar. 23, 2001), Wood App. No. WD-00-035.
 {¶ 4} Upon remand, in September 2001, Roberts moved for a Crim.R. 33(B) order finding that he had been unavoidably prevented from discovering new evidence within 120 days from his conviction. Ruling that Roberts was unavoidably prevented from discovery of the evidence, the trial court found that the "newly discovered evidence involved actions by the State and it occurred after the one hundred twenty-day period." Addressing the state's contention that the motion for a new trial was untimely, the court noted that appellee's delay in renewing his motion for a new trial was due in part to various appeals and procedural delays. Moreover, the court specifically noted that appellee "should not be penalized due to the inattention of his prior counsel * * *." The trial court then granted Roberts' motion for new trial. After considering the evidence presented, that appellee was subpoenaed and was required to testify as to the drug buys he made as a confidential informant as his part of the agreement, the trial court determined that the prosecutor ratified the cooperation/plea agreement. The court denied the state's request to put on additional testimony regarding whether appellee had initially substantially complied with the terms of the agreement. The court then dismissed the indictment with prejudice.
 {¶ 5} Appellant, the state of Ohio, now appeals that judgment, setting forth the following three assignments of error:
 {¶ 6} "I. The trial court erred in denying the State's request to supplement the record with a police officer's testimony rebutting Roberts' 1997 testimony that he had substantially complied with the cooperation agreement.
 {¶ 7} "II. The trial court erred in finding that Roberts had been `unavoidably prevented' from filing a timely motion for a new trial and in inviting Roberts to file another motion for a new trial.
 {¶ 8} "III. The trial court erred in granting Roberts' motion to enforce the alleged cooperation agreement and in dismissing the indictment with prejudice."
 I. {¶ 9} Appellant, in its first assignment of error, argues that the trial court improperly denied its request to present evidence regarding appellee's substantial compliance with the cooperation agreement.
 {¶ 10} The admission or exclusion of evidence is generally left to the discretion of the trial court. State v. Maurer (1984),15 Ohio St.3d 239, 265. In addition, the doctrine of res judicata may be applied to bar further litigation of issues which were raised previously or could have been raised previously in an appeal. State v. Perry
(1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. The doctrine of res judicata has two components, issue preclusion and claim preclusion. Issue preclusion prevents parties from relitigating facts and issues that were fully litigated in a prior suit. "[Issue preclusion] applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." Thompson v. Wing (1994), 70 Ohio St.3d 176, 183.
 {¶ 11} In our view, res judicata may be applicable to pre-trial determinations in a criminal case, even when a new trial is granted. For example, if a new trial is granted based upon prejudicial error which occurs during the actual trial, a defendant would not automatically be permitted to reopen a motion to suppress which was denied prior to trial. Subject to the discretion of the court, however, the suppression issue might be revisited if a defendant had material evidence which could not reasonably have been discovered at the time of the suppression hearing. Thus, when a motion for a new trial is granted, we conclude that it is within the trial court's discretion whether or not to reopen issues of factual determinations which have already been fully litigated.
 {¶ 12} In this case, the issue raised in Roberts' motion for a new trial involved the enforcement of the cooperation/plea agreement. At the original pre-trial hearing, the trial court heard evidence presented by both the prosecution and Roberts. Based upon that evidence, the trial court determined that an agreement existed, what the terms of that agreement were, and that Roberts had substantially complied with the agreement. Upon the most recent grant of a new trial, the parties stipulated to the court's use of the transcripts from that initial hearing regarding the enforceability of the agreement.
 {¶ 13} Appellant contends, however, that, after granting Roberts' motion for a new trial, the court should have permitted additional testimony of a police officer to rebut factual determinations already established by the court during the first pre-trial. Appellant does not suggest that this officer or testimony was unavailable at the time of the first hearing. Appellant is attempting to reopen factual determinations which could have been challenged at that initial hearing. Therefore, under the facts of this case, we cannot say that the trial court abused its discretion in denying appellant's request to reopen factual issues by presenting additional testimony regarding Roberts' compliance with the cooperation/plea agreement.
 {¶ 14} Accordingly, appellant's first assignment of error is not well-taken.
 II. {¶ 15} Appellant, in its second assignment of error, essentially argues that the trial court erred in granting Roberts leave to file a motion for new trial.
 {¶ 16} Crim.R. 33(B) provides, in pertinent part:
 {¶ 17} "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 18} Crim.R. 33(B) does not provide a time limit for the filing of a motion for leave to file a delayed motion for new trial. The rule merely states that the trial court may not grant the motion for leave unless the trial court finds that the defendant was unavoidably prevented from discovering the new evidence within 120 days from the day the jury render the verdict. A motion for leave to file a delayed motion for a new trial under Crim.R. 33(B) should be granted where the defendant was unavoidably prevented from discovering the new evidence within 120 days of the verdict. See State v. Pinkerman (1993), 88 Ohio App.3d 158; Statev. Schiebel, (1990), 55 Ohio St.3d 71, 76. Moreover, the grant or denial of a motion for leave to file a delayed motion for new trial lies within the trial court's sound discretion. Schiebel, supra.
 {¶ 19} In this case, the trial court specifically found that, after the discovery of new evidence, the procedural history and deficiencies with defense counsel accounted for the delay in filing Roberts' motion. Therefore, the trial court's decision to grant leave to file the delayed motion for a new trial was supported by clear and convincing proof that Roberts was unavoidably prevented from the discovery of the evidence within the requisite time period.
 {¶ 20} Accordingly, appellant's second assignment of error is not well-taken.
 III. {¶ 21} Appellant, in its third assignment of error, contends that the trial court erred in granting appellant's motion for new trial and in dismissing the indictment.
 {¶ 22} A reviewing court will not disturb a trial court's decision granting or denying a Crim.R. 33 motion for new trial absent an abuse of discretion. See Schiebel, supra. See, also, State v. Johnston (1988),39 Ohio St.3d 48, 58-59. In support of a motion for a new trial in a criminal case based upon newly discovered evidence, the movant must show that the "new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." State v. Petro
(1947), 148 Ohio St. 505, syllabus.
 {¶ 23} In this case, Roberts brought to the court's attention new information regarding an issue which was highly prejudicial to him, namely, the due process right not to be haled into court when there has been an agreement not to prosecute. See Blackledge v. Perry (1974),417 U.S. 21, 30-31. In our view, the evidence presented fell squarely within the Petro criteria. Consequently, we cannot say that, based upon the circumstances of this case, that the trial court abused its discretion in granting Roberts' motion for a new trial.
 {¶ 24} Turning now to the court's dismissal of the indictment, as we previously noted, the trial court had already determined that an agreement existed and that Roberts had substantially complied with the terms of that agreement. We will now examine the enforceability of that agreement.
 {¶ 25} Plea agreements are contracts and are governed by contract law principles and standards. State v. Butts (1996), 112 Ohio App.3d 683,686; State v. Woyan (Jul. 21, 1997), Athens App. No. 96 CA 1772. See, also, Santobello v. New York (1971), 404 U.S. 257. Under contract law, an agreement may be ratified by a party even though not initially authorized by that party. Morr v. Crouch (1969), 19 Ohio St.2d 24, 29. Ratification may be implied where the principal has actual knowledge of the facts or contract terms agreed to by his agent and accepts and retains the benefits of that contract. Campbell v. Hospitality Motor Inns, Inc.
(1986), 24 Ohio St.3d 54, 57; Morr v. Crouch, supra.
 {¶ 26} In addition, when a valid plea agreement is breached by the state, the trial court, within its sound discretion, may either allow the negotiated plea to be withdrawn, or may require specific performance of the agreement by the state. State v. Mathews (1982), 8 Ohio App.3d 145,146. See also State v. Ford (Feb. 18, 1998), Lawrence App. No. 97 CA 32;Woyan, supra. The trial court is in the best position to determine which remedy to grant under the circumstances of each case. See Mathews, supra, at 146, citing to Santobello, supra at 263.
 {¶ 27} In this case, the trial court initially determined that the non-prosecution agreement was not enforceable, since the prosecutor allegedly had no knowledge of the agreement between Roberts and the police. After gaining the knowledge that Roberts had acted as a confidential informant and conducted drug buys pursuant to his agreement with police, however, the prosecution then required Roberts to testify as to those orchestrated crimes. Unlike the usual witness/co-defendant who agrees to testify simply as a witness to a crime, Roberts' participation in the cooperation/plea agreement created the very means by which additional persons might be prosecuted. Without his participation and subsequent testimony, the additional defendants and crimes would not have existed. In our view, the state ratified the original agreement by accepting and retaining the benefits of that agreement. Consequently, since Roberts had already performed his part of the agreement, the only true remedy was to enforce the non-indictment provision. Therefore, we cannot say that the trial court abused its discretion in choosing specific performance of the agreement and dismissing the indictment.
 {¶ 28} Accordingly, appellant's third assignment of error is not well-taken.
 {¶ 29} The judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED. Richard W. Knepper, J., Mark L. Pietrykowski, J., Arlene Singer, J., CONCUR.