OPINION
{¶ 1} Defendant-appellant Donald G. Cole, Sr. appeals from the Richland County Court of Common Pleas decision denying his motion pursuant to Crim. R. 32.1 to withdraw his guilty plea. The plaintiff-appellee is the State of Ohio.
 {¶ 2} On November 13, 1991, appellant pled guilty on a bill of information to one count of attempted rape in violation of R.C. 2907.02. By judgment entry filed on March 2, 1992, the trial court sentenced appellant to a term of seven to fifteen years with six years actual incarceration.
 {¶ 3} Appellant filed a notice of appeal claiming in part that the trial court abused its discretion when it did not fulfill the requirements of Crim. R. 11 when accepting his plea and claiming that his plea was not knowingly intelligent and voluntary because he was under the influence of medication. This Court upheld the trial court's acceptance of his guilty plea. See State v. Cole (November 29, 1996), 5th Dist. No. 96CA18.
 {¶ 4} On September 24, 2004, appellant filed a pro se motion to withdraw his guilty plea. Appellant argued that was he was being improperly incarcerated because he has not received his earned good time credit and, further, that he has been improperly classified by the parole board. Appellant argued that his maximum sentence has expired. By judgment entry filed November 30, 2004, the trial court overruled appellant's motion to withdraw his guilty plea. Appellant filed a notice of appeal and this matter is now before this court for consideration of the following sole assignment of error:
 {¶ 5} "I. The plea agreement entered by defendant was not knowingly and intelligently made as required by criminal rule 11, in violation of the fourteenth amendment to the united states constitution and article one sections ten and sixteen of the ohio constitution."
 I. {¶ 6} In his sole assignment of error appellant maintains that the trial court erred in refusing to allow appellant to withdraw his guilty plea. In essence, appellant contends that he would not have agreed to plead guilty to a lesser offense had he known that he would not be granted parole after completing his six (6) year term of actual incarceration. We disagree.
 {¶ 7} Crim. R. 32.1 governs the withdrawal of a guilty or no contest plea and states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Because appellant's request was made post-sentence, the standard by which the motion was to be considered was "to correct manifest injustice." The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324, paragraph one of the syllabus). A reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. State v. Xie (1992),62 Ohio St.3d 521, 584 N.E.2d 715. In order to find an abuse of discretion, we must determine that the trial court misused or exceeded its discretionary authority when deciding the issues. See, Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 8} "A hearing on a post-sentence Crim.R. 32.1 motion is not required if the facts alleged by the defendant and accepted as true by the trial court would not require the court to permit a guilty plea to be withdrawn." State v. Wynn (1998), 131 Ohio App.3d 725, 728,723 N.E.2d 627, 629; State v. Blatnik (1984), 17 Ohio App.3d 201, 204,478 N.E.2d 1016, 1020.
 {¶ 9} At the outset we would note that this court has previously found that the trial court followed the mandates of Crim.R. 11 in finding that appellant's plea of guilty was knowingly, intelligently and voluntarily entered. See, State v. Cole (Nov. 29, 1996), 5th Dist. No. 96CA18.
 {¶ 10} In his present appeal, appellant argues that: 1). the Ohio Adult Parole Authority [OAPA] ignored his plea agreement by failing to release him on parole after his minimum term of incarceration had expired; and 2). the OAPA's application of new parole guidelines violates the ex post facto clause of the United States Constitution.
 {¶ 11} The Ohio Supreme Court has previously found that "application of new parole guidelines which would change a defendant's parole eligibility date does not create an ex post facto imposition of punishment." State v. Parsons, 9th Dist. No. 22200, 2005-Ohio-268, at ¶ 11, citing State ex rel. Henderson v. Ohio Dept. of Rehab. Corr.
(1998) 81 Ohio St.3d 267, 268, 1998-Ohio-631. Nor is there a constitutional right to parole. "The United States Supreme Court has stated that a convicted person has no constitutional right to be conditionally released prior to the expiration of a valid sentence."Velasquez v. Ghee (1996), 108 Ohio App.3d 409, 411, citing Greenholtzv. Inmates of the Nebraska Penal and Correctional Complex (1979),442 U.S. 1, 7. "In other words, Ohio law gives a convicted person no legitimate claim of entitlement to parole prior to the expiration of a valid sentence of imprisonment. Inmates of Orient Correctional Inst. v.Ohio State Adult Parole Auth. (C.A.6, 1991), 929 F.2d 233, 235." State exrel. Seikbert v. Wilkinson (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128,1130.
 {¶ 12} In State ex rel. Seikbert v. Wilkinson supra, the Ohio Supreme Court noted "Seikbert does not contend that his criminal sentence has expired or that the APA's decision not to grant parole was motivated by vindictiveness rather than appropriate considerations. See Hattie,supra. Instead, Seikbert claims that a plea agreement has been breached and that he is thereby entitled to specific performance of the agreement, i.e., release on parole, since he has served his four-year minimum term of imprisonment". Id. at 69 Ohio St.3d 490, 633 N.E.2d 1130. The Supreme Court upheld the Court of Appeal's granting of a Civ.R. 12(B) (6) motion to dismiss Seikbert's complaint for a writ of mandamus because it failed to state a claim upon which relief can be granted.
 {¶ 13} The Ohio Supreme Court held in Hattie v. Anderson that "[a] declaratory judgment is the proper remedy to determine the constitutionality or constitutional application of parole guidelines."68 Ohio St.3d 232; 1994-Ohio-517, at ¶ 5.
 {¶ 14} Similar to the facts in Seikbert, supra, appellant points to only his own subjective belief that by entering a plea of guilty he would be released after serving six years of actual incarceration. The transcript from appellant's plea does not show that appellant was promised parole after completing a minimum sentence as part of his plea agreement with the State. Indeed, there was no promise of any early release. Accordingly, the record establishes that neither the State nor the Court promised appellant that he would be paroled at the conclusion of the six years of actual incarceration.
 {¶ 15} Appellant's real complaint is that the Ohio Adult Parole Authority [OAPA] breached the terms of his plea agreement with the State by not releasing him prior to the expiration of his fifteen year maximum sentence. The proper remedy for the breach of his plea agreement is an action for declaratory and injunctive relief directly against the OAPA or a writ of mandamus. See, State ex rel. Johnson v. Ohio Adult ParoleAuth. (2004), 104 Ohio St.3d 421, 821 N.E.2d 1106 at ¶ 14. Other appellate courts have reached similar conclusions. See State v. Young
(Aug. 18, 2000), Greene App. No. 2000 CA 26, (holding that a motion to withdraw a guilty plea is not the appropriate remedy for a breach of a plea agreement by the OAPA. Instead the appropriate motion is to enforce the plea agreement through an action against the OAPA); State v.Calhoun, 10th Dist. No. 03AP-16, 2003-Ohio-5080, (holding that a defendant is not entitled to withdraw his guilty plea because the OAPA has breached his plea agreement. Instead, the defendant must enforce his plea agreement directly against the OAPA); State v. Lawhorn, Cuyahoga App. No. 83623, 2004-Ohio-2852, (holding that the OAPA's decision to increase the time a defendant is required to serve in prison does not constitute a breach of a plea agreement. The appropriate vehicle for challenging such a decision is not a Crim.R. 32.1 motion but an action for declaratory judgment and injunctive relief).
 {¶ 16} Although the parole board is an agent of the state, and bound by the plea agreement, the parole board is not a party in this criminal matter. The trial court had no authority over the parole board. A civil declaratory judgment action is the proper remedy in this instance.
 {¶ 17} Regardless of how captioned, the trial court properly considered the substantive arguments of appellant. There is no constitutional or inherent right to be released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal CorrectionalComplex (1979), 442 U.S. 1, 7, 97 S.Ct. 2100, 2104, 60 L.Ed.2d 668, 675;State ex rel. Hogan v. Ghee (1999), 85 Ohio St.3d 150, 151, 707 N.E.2d 494,495.
 {¶ 18} Appellant has failed to establish a manifest injustice warranting the withdrawal of his guilty plea. State v. Smith (1977),49 Ohio St.2d 261, 361 N.E.2d 1324.
 {¶ 19} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 20} For the foregoing reasons, the judgment of the Richland County Court of Common Pleas, Ohio, is affirmed.
Gwin, P.J., Wise, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas, Ohio, is affirmed. Costs to appellant.