OPINION
{¶ 1} Appellant Gary K. DeMastry appeals from the denial of his Motion for Specific Performance of the Plea in the Fairfield County Court of Common Pleas. The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant is the former Sheriff of Fairfield County, Ohio. In January 2000, appellant was indicted on over 300 counts related to his service as an elected official, including theft in office, money laundering, and tampering with evidence. Additional charges were filed in May 2000 and December 2000.
 {¶ 3} Three hundred twenty-three counts were ultimately consolidated under one case number. Appellant pled not guilty to all charges. However, prior to the start of the trial in March 2001, the trial court severed 273 of the 323 counts, deferring them until a later time. The remaining 50 counts were presented to the jury. On December 11, 2001, the jury returned a verdict of guilty on 32 counts and not guilty on one count. It was a hung jury on the remaining 17 counts.
 {¶ 4} On January 18, 2002, the trial court filed a judgment of sentence. In regard to the felonies, appellant was sentenced as follows. Appellant was sentenced to six years in prison on one count of engaging in a pattern of corrupt activity. Appellant was sentenced to five years in prison on one count of conspiracy to engage in a pattern of corrupt activity. Appellant was sentenced to four years in prison on each of 22 counts of evidence tampering or complicity in evidence tampering. Appellant was sentenced to 12 months in prison on each of four counts of theft in office or complicity to commit theft in office (some of which pre-S.B. 2). Finally, appellant was sentenced to nine months in prison for obstructing justice.
 {¶ 5} In regard to the misdemeanor convictions, appellant received the following sentences. On two counts of soliciting or receiving improper compensation, appellant was sentenced to six months of incarceration on each count. On one count of filing a false financial-disclosure statement, appellant was given a six-month sentence.
 {¶ 6} All of the aforesaid felony and misdemeanor sentences were ordered to be served concurrently.
 {¶ 7} On February 15, 2002, appellant filed a notice of appeal. Upon consideration, this court affirmed the conviction. State v. DeMastry,155 Ohio App.3d 110, 799 N.E.2d 229.
 {¶ 8} After appellant's sentencing, the State and appellant began preparations for a trial on the next 50 counts which were not part of the first trial and any counts the State chose to go forward with which had resulted in a hung verdict in the first trial. Due to publicity from the verdict in the first case, the venue was changed to Portage County. Once the charges to be tried were chosen, the matter was set for trial.
 {¶ 9} On the first day of the scheduled trial, after jury selection had begun, the parties informed the trial court that an agreement had been reached. A written guilty plea form was filed on October 23, 2002. The written plea form set forth the counts to which appellant was pleading guilty and indicated that the negotiations for the plea were stated on the record. A judgment Entry of Sentence was filed on October 31, 2002.
 {¶ 10} On December 10, 2004, appellant filed a Motion for Specific Performance of the Plea. In the motion, appellant made it clear that he was not asking the trial court to permit him to withdraw his pleas. The motion was directed solely at specific performance. Specifically, appellant sought an order from the trial court that the State must live up to its end of the plea bargain by not pursuing the civil claims against appellant.
 {¶ 11} Specifically, appellant contended that the State had violated the terms of the plea when the Attorney General for the State of Ohio filed a civil complaint on behalf of Fairfield County which asserted a claim against appellant and a number of other defendants. Subsequently, the complaint was amended to add claims, including a civil RICO claim, against several defendants, including appellant. Appellant asserted that the claims were estopped as to appellant because the plea agreement in the criminal case resolved all financial claims against appellant.
 {¶ 12} On January 28, 2005, the trial court denied appellant's Motion for Specific Performance. In so doing, the trial court held as follows:
 {¶ 13} ". . . In substance, [the] cases [cited by appellant] hold that a trial court has discretion to accept and enforce a plea agreement which governs the disposition of pending criminal charges.
 {¶ 14} "[None] of those cases . . . holds that the court presiding over a criminal case should —
 {¶ 15} "(a) enforce plea bargain terms by requiring or precluding performance which is not part of the sentencing judgment for that criminal case; or
 {¶ 16} "(b) enforce plea bargain terms more than two years after the sentence judgment; or
 {¶ 17} "(c) enforce plea bargain terms by requiring the state to pursue or abort civil remedies outside that criminal case, whether they are in the same court or a different court.
 {¶ 18} "This Court independently attempted to research those matters and found no case to support the defendant's claim that the court has authority to impose that remedy in these circumstances.
 {¶ 19} "Fairfield County was not a party to these criminal cases. Without determining whether this Court could or should have accepted a plea bargain which restricted that non-party's ability to pursue related civil remedies, the Court now concludes that the sentencing judgment was the ultimate disposition of those criminal charges.
 {¶ 20} "To the extent that the trial court record contains any plea agreement that the sentencing judgment failed to enforce, the defendant should have raised that complaint by direct appeal. His failure to assert that complaint on a direct appeal bars it now as a matter of resjudicata. State v. Szefcyk (1996), 77 Ohio St.3d 93, 1996-Ohio-337,671 N.E.2d 233; State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. To the extent that he required proof outside the trial court record to show that the sentencing judgment failed to enforce any plea agreement, the defendant should have asserted that claim in a timely petition for post-conviction relief within 180 days after the time for his direct appeal expired. See R.C. 2323.21(A)(2). His failure to seek that relief then precludes its consideration now. State v. Halliwell (1999),134 Ohio App.3d 730, 732 N.E.2d 405; State v. Beaver (1998),131 Ohio App.3d 458, 722 N.E.2d 1046.
 {¶ 21} It is from the January 28, 2005, Judgment Entry that appellant appeals, raising the following assignment of error:
 {¶ 22} "APPELLANT'S PLEA WAS NOT KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY MADE AND HE WAS DEPRIVED OF DUE PROCESS OF LAW WHEN THE STATE AGREED NOT TO SEEK ANY FURTHER CRIMINAL OR CIVIL PENALTIES IF HE PLED GUILTY TO SEVERAL COUNTS PRIOR TO HIS SECOND TRIAL BUT THE STATE FAILED TO LIVE UP TO ITS END OF THE BARGAIN WHEN IT FILED A CIVIL SUIT AGAINST APPELLANT AND THE TRIAL COURT ERRED IN REFUSING TO ORDER SPECIFIC PERFORMANCE OF THE PLEA AGREEMENT AGAINST THE STATE."
 {¶ 23} In the sole assignment of error, appellant contends that the trial court erred when it denied appellant's motion for specific performance of a plea agreement. We disagree.[1]
 {¶ 24} We begin our analysis with a general statement of the law concerning breach of plea agreements. "A plea bargain itself is contractual in nature and subject to contract-law standards." Baker v.United States (C.A.6, 1986), 781 F.2d 85, 60, cert. denied, 479 U.S. 1017,107 S.Ct. 667, 93 L.Ed.2d 719. Whether there has been a breach of a valid plea agreement rests within the sound discretion of the trial court. Statev. Mathews (1982), 8 Ohio App.3d 145, 146, 456 N.E.2d 539. When a plea bargain has been breached, the trial court has two possible remedies to choose from, at its discretion and depending upon the circumstances of the particular case. State v. Mathews, supra. (citing Santobello v. NewYork (1971), 404 U.S. 257, 263, 92 S.Ct. 495, 30 L.Ed.2d 427). These two remedies are specific performance of the agreement and the withdrawal of the plea.
 {¶ 25} In this case, appellant seeks an order of specific performance by which the State of Ohio and/or Fairfield County[2] would be ordered to dismiss a civil suit filed against appellant. However, we find that the trial court which presided over the criminal action does not have jurisdiction to order that an action be taken in a separate civil case. Appellant does not argue that the State failed to honor the plea agreement to the extent it addresses sentencing in this criminal case. Instead, appellant seeks an order which affects the civil suit filed by the State Attorney General's Office. We agree with the trial court that it is up to the court in that civil case to decide if the plea agreement in the criminal case works as a defense in that civil case.[3]
 {¶ 26} Further, the civil suit was brought by the Ohio Attorney General's Office on behalf of Fairfield County. Fairfield County was not a "party" to the plea agreement. The criminal charges were brought by the State of Ohio, not Fairfield County. As such, the trial court has no jurisdiction arising from the criminal case to order Fairfield County to act. See State v. Cole, Richland App. No. 2004-A-108, 2005-Ohio-3048.[4]
 {¶ 27} Last, we find that even if the trial court had jurisdiction and authority to order the Attorney General's Office and/or Fairfield County to dismiss an action in a separate, civil action, it was not an abuse of discretion to fail to do so in this case. Appellant seeks an order that all civil claims against him be dismissed. However, the plea agreement in question did not concern all charges against appellant. Appellant had been charged with other counts which were not subject to the plea agreement. Even if appellant is correct that the State agreed not to bring a civil suit on the counts involved with the plea agreement, the State was free to pursue a civil suit against appellant in regard to the other counts or any basis other than the charges involved in the plea agreement. For the foregoing reasons, we find the trial court did not abuse its discretion by denying appellant's motion for specific performance.
 {¶ 28} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 29} The judgment of the Fairfield Court of Common Pleas is affirmed.
Edwards, J. Boggins, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] We note that the State has not filed an appellee's brief in this case.
[2] In his brief, appellant is not consistent as to whom he seeks an order against.
[3] Thus, even if there were a breach of the plea agreement as alleged by appellant, the trial court's jurisdiction is limited to the criminal action and does not extend to the separate, civil action.
[4] This Court has previously held that even when an agency of the State is bound by a plea agreement, the criminal trial court that presided over the criminal matter has no authority over that agency unless that agency was a party to the criminal case. State v. Cole, Richland App. No. 2004-CA-108, 2005-Ohio-3048. In Cole, this Court found that the State Parole Board was bound by a criminal plea agreement but held that because the Parole Board was not a party to the criminal proceeding, the trial court had no authority over the Parole Board. In that case, this court held that the proper remedy was a civil declaratory judgment action and injunctive relief against the Parole Board or a writ of mandamus. Id. at para. 15-16.