[Cite as *State v. James*, 2013-Ohio-5322.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | Case No. 13CA3371 |
| v. | : | |
| | : | DECISION AND |
| Brock E. James, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Released: 11/22/2013 |

_____

APPEARANCES:

Chase B. Bunstine, Chillicothe, Ohio, for Appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Jeffrey C. Marks, Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.

_____

Hoover, J.

{¶ 1}  In this appeal from the Ross County Court of Common Pleas, appellant, Brock E. James, argues that the State of Ohio breached his plea agreement, leading the trial court to commit reversible error.  Appellant entered into a plea agreement with the State, where he would plead guilty to one count, Aggravated Robbery, a first degree felony.  In exchange, the State would recommend a prison sentence of six (6) years, which was to run concurrently with the sentence in a separate case against appellant.  Appellant argues that at sentencing the State violated the plea agreement by recommending a sentence greater than six years.  We agree.  For the following reasons, we find appellant's first assignment of error well taken and remand this cause to the trial court.

{¶ 2} On June 1, 2012, appellant, Brock E. James, was indicted on one count of Complicity to Aggravated Robbery, a first degree felony, in violation of R.C. 2923.03. Appellant's brother, Dana S. James was simultaneously indicted on one count of Aggravated Robbery, a first degree felony, in violation of R.C. 2911.01. Both cases involve an alleged robbery of a fast food restaurant. On August 2, 2012, the trial court consolidated the two cases and set a trial for the co-defendants.

{¶ 3} On January 18, 2013, a plea hearing was held, during which appellant and the State sought to enter into a plea agreement. The trial Judge read the agreement into the record:

> THE COURT: *** I have been informed that Mr. James desired to withdraw his previously entered pleas of not guilty on both cases and pleas of guilty in both cases. I have before me written plea forms that indicate that the agreement on both cases is that an [sic] exchange for a guilty plea the defendant on the aggravated robbery case will get six years and on the tampering with evidence, one year and they will run concurrently for a net sentence of six years. Is that correct, Mr. Marks?
>
> MR. MARKS [Prosecutor]: It is, your Honor.
>
> THE COURT: Mr. McHenry?
>
> MR. MCHENRY: [Defendant-Appellant's Attorney]: Yes, your Honor.
>
> THE COURT: Mr. James, is that your understanding of the deal you're getting?
>
> MR. JAMES: Yes, sir.

Later, the Judge continued the colloquy:

THE COURT: Now although the State's making a recommendation of a

net of six years, do you understand I don't have to accept that

recommendation. I'm going to but I don't have to. Do you understand

that?

MR. JAMES: Yes, sir.

The parties filed a written Plea of Guilty on January 22, 2013, containing the hand written statement: "In return for a guilty plea, the State will recommend a 6 year executed prison sentence. This sentence will run concurrent to any sentence in 12CR000311." A sentencing hearing was scheduled for January 30, 2013.

{¶ 4} One day before the sentencing hearing, January 29, 2013, appellant testified at his brother's trial. Appellant testified that his brother, Dana, had no part in the robbery. On cross-examination, appellant was asked if he ever instructed a witness not to show up to testify at trial. Appellant responded that he did not. The State then introduced a letter that appellant admittedly sent to a witness stating: "Listen, mine, and Dana's case is the same. If you testify against Dana, you help them get me, too. So if they got him, I go down smoking. Please stay away, please."

{¶ 5} The next day at appellant's sentencing, the prosecutor would not honor the plea agreement. The prosecutor felt the six-year plea deal was no longer in effect. The State explained "The fact that he lied up there, the fact that he openly admitted to attempting to disrupt the judicial process and not allowing the State to put on the testimony it needed to convict Dana, again we feel that six year offer is off the table. We would ask the Court to impose a greater sentence than that six years." Appellant's trial counsel asked the court to honor the six-year agreement. The trial Judge stated: "I don't

know whether the State's bound by the agreement but I do know one thing, this Court isn't bound by that agreement." The trial court sentenced appellant to eight years in prison.

{¶ 6} Now, appellant presents this appeal setting forth two assignments of error for review:

First Assignment of Error:

> I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR, WHERE
> THE STATE BREACHED ITS AGREEMENT BY RECOMMENDING
> A SENTENCE GREATER THAN THE NEGOTIATED PLEA
> AGREEMENT, BY FAILING TO EITHER ORDER SPECIFIC
> PERFORMANCE ON THE PLEA AGREEMENT BREACHED BY THE
> PROSECUTOR OR ALLOWING DEFENDANT TO WITHDRAW HIS
> PLEA OF GUILTY.

Second Assignment of Error:

> II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY
> MAKING A PROMISE TO DEFENDANT BY STATING THE COURT
> WOULD ACCEPT THE SIX (6) YEAR AGREED UPON PLEA
> AGREEMENT BUT INSTEAD SENTENCED DEFENDANT TO
> EIGHT (8) YEARS.

{¶ 7} In his first assignment of error, appellant argues that the State breached the plea agreement when, at his sentencing hearing, the prosecutor recommended a sentence greater than six years. Appellant asserts that because of the breach, he is entitled to either a withdrawal of his guilty plea or specific performance of the State's promises. The State

counters that appellant breached the plea agreement when he took the stand at his

brother's trial, where he lied and interfered with the judicial process. The State also

argues that appellant's assignment of error is entitled to only plain error review because

he failed to object to the State's recommendation at the sentencing hearing.

{¶ 8} "Due process requires the State to honor any promise it makes to induce a

guilty plea. When the State breaches a valid plea agreement, the trial court may allow

withdrawal of the negotiated plea or it may require the State to fulfill its end of the

bargain." *State v. Pasturzak*, 4th Dist. Scioto No. 08CA3252, 2009-Ohio-4222, ¶ 13;

*State v. Ford*, 4th Dist. Lawrence No. 97CA32, 1998 WL 79885 (Feb. 18, 1998) citing

*Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

{¶ 9} Generally, the failure to raise an issue or argument at the trial court level

that is apparent at the time constitutes a waiver of such issue. *State v. Awan*, 22 Ohio

St.3d 120, 489 N.E.2d 277 (1986), syllabus. The State cites *State v. Montgomery*, 4th

Dist. Scioto No. 07CA858, 2008-Ohio-4753, in its assertion that appellant's argument is

subject to "plain error" review. In *Montgomery*, the defendant and the State reached an

agreement where in exchange for a guilty plea, the State would recommend any sentence

for count 2 to be served concurrently with the sentence for count 1. *Id.* at ¶ 6. At

sentencing the State did not make any statement concerning the appropriate sentence, nor

did defendant raise that aspect of the plea agreement. *Id.* Nonetheless, defendant was

sentenced to three years community control. *Id.* The trial court later revoked defendant's

community control. *Id.* at ¶ 7. At the sentencing hearing for the violation of community

control, the State recommended maximum and consecutive sentences. *Id.* Defendant did

not object to the sentence but later filed an appeal asserting the prosecution breached the

plea agreement. *Id.*

{¶ 10} Here, the facts of this case are distinguishable from those in *Montgomery*.

After the prosecution recommended "a greater sentence than that six years," appellant's

trial counsel was given an opportunity to respond. Counsel stated:

> *** I would still ask the Court to honor the six year agreement. These that
>
> Mr. Marks just mentioned were known at the time Mr. James entered his
>
> plea. He knew that he was going to testify on behalf on his brother. He
>
> also knew that this letter existed so I don't think this is any new
>
> information that came to light during these past few days.

This statement asked the court to honor the plea agreement and sets forth an argument on

behalf of his client. Thus, appellant does not seek to enforce the plea deal, for the first

time on appeal. Therefore, appellant's argument is not limited to plain error review.

{¶ 11} We now turn to address appellant's argument that the State breached the

plea agreement. In *State v. Thompson*, 4th Dist. Adams No. 03CA766, 2004-Ohio-2413,

we summarized the seminal case of *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495,

30 L.Ed.2d 427 (1971):

> The state in *Santobello v. New York* (1971), 404 U.S. 257, 92 S.Ct. 495, 30
>
> L.Ed.2d 427 breached the plea agreement when it did not carry through
>
> with one of its promises. The defendant in *Santobello,* charged with
>
> several offenses, agreed to enter a guilty plea to a reduced charge in
>
> exchange for a promise by the prosecutor that the state would make no
>
> sentencing recommendation to the trial judge. The state later

recommended to the trial judge that the defendant receive the maximum penalty. When the defendant objected, the trial judge stated that he was not influenced by the state's recommendation. The trial judge later sentenced the defendant to the maximum penalty. *Id.* On appeal, the United States Supreme Court held that due process requires the state to honor any promise or representation it makes to induce a guilty plea by a defendant. *Id.* at 262. The Court determined that it did not need to reach the question of whether the sentencing judge allowed the state's recommendation to influence him. *Id.* Rather, the Court concluded that the overriding concerns in enforcing "plea bargain" agreements are "the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas." *Id.* at 263. The *Santobello* court therefore vacated the sentence, remanded the case and ordered the state trial court "to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case [the defendant] should be resentenced by a different judge, or whether, * * * the circumstances require granting * * * the opportunity to withdraw his plea of guilty." *Id.*

{¶ 12}  "At its core, a plea agreement is contractual in nature and subject to contract-law standards." *State v. Vari*, 7th Dist. Mahoning No. 07MA142, 2010-Ohio-1300, at ¶ 24 citing *Santobello,* supra; *Baker v. United States*, 781 F.2d 85, 90 (6th Cir.1986).  "Moreover, the agreement should be construed strictly against the government." *Id.* citing *State v. Namack,* 7th Dist. Belmont No. 01BA46, 2002-Ohio-

5187, ¶ 25. At the plea hearing, the trial court read the agreement on the record: "the agreement on both cases is that an [sic] exchange for a guilty plea the defendant on the aggravated robbery case will get six years and on the tampering with evidence, one year and they will run concurrently for a net sentence of six years." The same was reflected on the written Plea of Guilty entry stating, "In return for a guilty plea, the State will recommend a 6 year executed prison sentence. This sentence will run concurrent to any sentence in 12CR000311."

{¶ 13} The intent of the parties to a contract presumptively resides in the ordinary meaning of the language employed in their agreement. *Id.* citing Kelly v. Med. Life Ins. Co., 31 Ohio St.3d 130, 509 N.E.2d 411 (1987), paragraph one of the syllabus. Contractual language giving rise to doubt or ambiguity must be interpreted against the party who used it. Graham v. Drydock Coal Co., 76 Ohio St.3d 311, 313, 667 N.E.2d 949 (1996) citing Cent. Realty Co. v. Clutter, 62 Ohio St.2d 411, 406 N.E.2d 515 (1980); Bellish v. C.I.T. Corp., 142 Ohio St. 36, 50 N.E.2d 147 (1943), paragraph one of the syllabus. We find the plea agreement to be unambiguous and solely an exchange of a guilty plea for the prosecutor's sentence recommendation of six years for appellant's guilty plea and a further promise to recommend that the sentence in the separate case run concurrently with the six years.

{¶ 14} Based upon the preceding, we find that the State did breach its agreement with appellant. According to the plain language of the agreement, the State was to recommend a six-year prison term and a concurrent sentence to any punishment in another charge against appellant. The State breached the agreement when it recommended a sentence greater than six years. The plain language of the plea

agreement mentions only a simple exchange of promises. There is no language regarding the actions of the appellant, in particular, actions regarding the testimony given in his brother's trial.[1] We decline to add stipulations to the negotiated plea agreement.

{¶ 15} Ohio courts have adopted the *Santobello* rule that when a valid plea agreement is breached by the state, the trial court, within its sound discretion, may either allow the negotiated plea to be withdrawn, or may require the state to fulfill its end of the bargain. *Thompson*, 2004-Ohio-2413, at ¶ 12 citing *State v. Mathews*, 8 Ohio App.3d 145, 146, 456 N.E.2d 539 (10th Dist.1982); *See also*, *State v. DeMastry*, 5th Dist. Fairfield No. 05CA15, 2005-Ohio-5175, ¶ 24; *State v. Roberts*, 6th Dist. Wood Nos. WD03001 & WD02066, 2003-Ohio-5689, ¶ 26. "The trial court can order specific performance of the agreement and assign [defendant's] sentencing to a different judge or allow [defendant] to withdraw his guilty plea." *Thompson* at ¶ 17 citing *Santobello* at 263; *Mathews* at 146. While the trial court may choose between these two remedies within its discretion, failure to grant either remedy constitutes an error as a matter of law. *Id.*

{¶ 16} Appellant did not make a motion to withdraw his guilty plea at the sentencing hearing. Nonetheless, based on the language used in previous Ohio decisions, the defendant is entitled *as a matter of law* to one of the two remedies. *See* supra, *Thompson; Mathews*. Here, the trial court disregarded the plea agreement by stating: "I don't know whether the State's bound by the agreement, but I know one thing, this Court

---

[1] We take a dim view of the appellant's apparent untruthful testimony offered during a jury trial the day before the appellant' own sentencing hearing. However, the lack of conditions expressed in the plea agreement did not provide any recourse under that agreement. If the prosecution so desired and believed appropriate, the state could certainly pursue a separate criminal action for appellant's actions.

isn't bound by that agreement." Although the trial court is correct in asserting that it is not bound by a plea agreement, this does not cure a breach of a plea agreement. *See Ford*, 1998 WL 79885, at \*4 ("We find in this case that the remedy given by the sentencing judge, an assurance that he would not consider the state's recommendation, was insufficient as a matter of law."). Therefore, we find appellant's first assignment of error well taken, as the trial court erred when it did not take one of two appropriate steps to remedy the State's breach of the plea agreement. Therefore, the appropriate remedy is to remand this cause back to the trial court. The trial court can then decide whether 1) it will require the prosecutor to comply with its prior promise to recommend the six year sentence to run concurrent with the sentence of the other case; and then have a different judge conduct the sentencing hearing or 2) it will allow the appellant to withdraw his guilty plea.

{¶ 17}  In his second assignment of error, appellant argues that the trial court erred when it failed to accept the plea agreement as promised. Appellant contends that the trial court issued a binding promise at the plea hearing when it stated: "although the State's recommendation of a net of six years, do you understand I don't have to accept that recommendation. I'm going to but I don't have to."

{¶ 18}  Appellant seeks the same remedy sought in his first assignment of error. Since we found his first assignment of error well taken, there is no need to address appellant's second assignment of error.

{¶ 19}  Accordingly we reverse the judgment of the trial court, vacate the sentence imposed, and remand this case for proceedings consistent with this decision.

JUDGMENT REVERSED AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the trial court's JUDGMENT BE REVERSED AND CAUSE REMANDED for proceedings consistent with this decision.  Appellee shall bear the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J & Abele, J.:  Concur in Judgment and Opinion.

For the Court

By:_____
Marie Hoover, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.