DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant Montoya Surles discovered her eight-year-old and six-year-old daughters engaging in what she believed was sexual misconduct. She and her husband, the girls' stepfather, punished them by striking them repeatedly with a wet belt. During the punishment, they restrained the girls by placing a second belt around their ankles. Mrs. Surles was convicted of two counts of endangering children. The issue on appeal is whether the Surleses beating the girls with a wet belt was nothing more than parental discipline or whether it amounted to torture or cruel abuse. This Court affirms Mrs. Surles's convictions because hitting children six and eight years old ten to twenty times all about their *Page 2 
bodies with a belt soaked in water so hard that it causes visible bruising, some of which was deep bruising, is not normal parental discipline. It is torture or cruel abuse.
 I. {¶ 2} Mrs. Surles put her eight-year-old and six-year-old daughters to bed at about 8:30 p.m. on February 20, 2006. At about 11:00 p.m., she went upstairs to check on her children and discovered the six-year-old lying on top of the eight-year old and moving in a manner that she considered sexual misconduct. She reported the girls' conduct to her husband, and they decided the girls needed to be punished.
 {¶ 3} Mr. and Mrs. Surles took turns striking the girls with a wet leather belt while restraining their legs with a second belt. There was conflicting evidence about whether the belt used to strike the girls was wet because two of Mrs. Surles's other children had been playing with it in the bathtub or because Mrs. Surles had soaked it in water at her husband's direction in order to inflict more pain on the girls. Mrs. Surles denied knowing that a wet belt would inflict more pain than a dry one.
 {¶ 4} Mrs. Surles claimed that each girl was struck with the belt five times. A physician who examined the girls the next evening, however, testified that, based upon the number of bruises on their bodies, each girl had been struck between ten and twenty times. Mrs. Surles also claimed that she and her husband *Page 3 
had used the second belt to restrain the girls because she had undergone a Cesarean section four weeks earlier and was afraid the girls would kick her in the abdomen and injure her.
 {¶ 5} After beating the girls, Mrs. Surles and her husband read Bible passages to them. At one point, the younger girl began falling asleep, and Mrs. Surles again struck her with the belt.
 {¶ 6} The following day, a teacher at the girls' school overheard the older girl tell a friend that she had received "the worst whoopin' in the universe." That teacher reported the statement to the older girl's teacher, who reported it to Summit County Children Services. The girls were taken into Children Services' custody, and Mr. and Mrs. Surles were arrested.
 {¶ 7} The physician who examined the girls the evening following the beatings identified photographs he had taken of bruises on different parts of the girls' bodies. He testified that some of the bruises were superficial, but others were deep. He explained that some of the bruises, for example those on the front of the girls' thighs, were at locations where the belt would have inflicted more pain than it would have on the buttocks.
 {¶ 8} A nurse practitioner who had interviewed the girls the day following the beatings testified that they both said that the pain at the time of their punishment had been a ten, with ten being the worst pain they had ever *Page 4 
experienced. At the time she interviewed them, the older girl said her pain was still an eight, while the younger girl said hers was a six.
 {¶ 9} Both Mr. and Mrs. Surles were charged with and convicted of two counts of endangering children. Mrs. Surles received a suspended sentence of one year on each count, to run concurrently, and was ordered to complete two years of community control. On appeal, she has argued that her convictions were not supported by sufficient evidence and were against the manifest weight of the evidence.
 II. A. {¶ 10} An argument that a conviction is not supported by sufficient evidence presents a question of law, which this Court reviews de novo.State v. Thompkins, 78 Ohio St. 3d 380, 386 (1997); see State v.West, 9th Dist. No. 04CA008554, 2005-Ohio-990, at ¶ 33. This Court must determine whether, viewing the evidence in a light most favorable to the prosecution, it would have convinced an average juror of Mrs. Surles's guilt:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Page 5 
State v. Jenks, 61 Ohio St. 3d 259, paragraph two of the syllabus (1991).
 {¶ 11} Mrs. Surles was convicted of violating Section 2919.22(B)(2) of the Ohio Revised Code:
 (B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:
 . . .
 (2) Torture or cruelly abuse the child;
 . . .
It is undisputed that Mrs. Surles's daughters were under eighteen years of age. The issue, therefore, is whether there was evidence before the trial court that, if believed, proved beyond a reasonable doubt that Mrs. Surles tortured or cruelly abused her daughters.
 {¶ 12} This Court has determined that the term "abuse," as used in Section 2919.22(B)(2), means to "ill-use, maltreat; to injure, wrong or hurt." State v. Nivert, 9th Dist. No. 16806,1995 WL 608415 at *2 (Oct. 18, 1995) (quoting I Oxford English Dictionary 44-45 (2d ed. 1933)). "Torture," as used in that same section, means:
 (1) the infliction of severe pain or suffering (of body or mind); (2) acting upon violently in some way, so as to strain, wrench, distort, twist, pull or knock about.
Id. (quoting XI Oxford English Dictionary 169-170 (2d ed. 1933)). Finally, to treat someone "cruelly" is to: *Page 6 
 (1) demonstrate indifference to or delight in another's suffering; (2) treat severely, rigorously, or sharply.
Id. (quoting II Oxford English Dictionary 1216-1217 (2d ed. 1933)).
 {¶ 13} There was evidence that each girl had been struck between ten and twenty times with a belt on different parts of her body. Further, viewing the evidence most favorably to the prosecution, Mrs. Surles had soaked that belt in water so it would inflict more pain on the girls. If the evidence is believed, her actions went far beyond normal parental discipline. Rather, she inflicted severe pain and suffering on her daughters, thereby torturing and cruelly abusing them.
 {¶ 14} Mrs. Surles's convictions were supported by sufficient evidence. Her first assignment of error is overruled.
 B. {¶ 15} Mrs. Surles's second assignment of error is that her convictions were against the manifest weight of the evidence. When a defendant argues that her convictions are against the manifest weight of the evidence, the appellate court must review and weigh all the evidence that was before the trial court:
 [A]n appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten, 33 Ohio App. 3d 339, 340 (1986). *Page 7 
 {¶ 16} Mrs. Surles did not deny striking her daughters with a belt, although she claimed that she and her husband had struck them fewer times than indicated by the bruises on their bodies. She also did not deny that the belt was wet, although she claimed that she had not intentionally soaked it in water in order to inflict more pain on the girls. Having reviewed and weighed all the evidence that was before the trial court, this Court cannot say that the jury lost its way and created a manifest miscarriage of justice in concluding that Mrs. Surles had tortured or cruelly abused her daughters. Her second assignment of error is overruled.
 III. {¶ 17} Mrs. Surles's assignments of error are overruled. The judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 8 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
CLAIR E. DICKINSON FOR THE COURT
 CARR, J. WHITMORE, P. J. CONCUR *Page 1