DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} LaGeer Surles was convicted by a jury of two counts of endangering children after he and his wife, Montoya Surles, punished Mrs. Surles's two daughters, ages six and eight, by striking them repeatedly with a wet leather belt, causing deep tissue bruising. The facts of this case are recited in detail in State v. Surles, 9th Dist. No. 23340, 2007-Ohio-2733. Mr. and Mrs. Surles each received a suspended prison sentence of one year on each count, to be served concurrently, and both were ordered to complete two years of community control. *Page 2 
 {¶ 2} Mr. Surles has appealed his convictions, arguing that the State did not present sufficient evidence to support his convictions and that his convictions were contrary to the manifest weight of the evidence. This Court affirms, because the convictions were supported by sufficient evidence and were not contrary to the manifest weight of the evidence.
 SUFFICIENCY OF THE EVIDENCE {¶ 3} Rule 29(A) of the Ohio Rules of Criminal Procedure provides that a trial court "shall order the entry of a judgment of acquittal . . . if the evidence is insufficient to sustain a conviction of such offense or offenses." "The test for `insufficient evidence' requires the court to view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Leggett, 9th Dist. No. 18303, 1997 WL 775688 at *2 (Oct. 29, 1997). This Court must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction. Id at 4. "In essence, sufficiency is a test of adequacy." State v. Thompkins, 78 Ohio St. 3d 380, 386 (1997) *Page 3 
 {¶ 4} Mr. Surles was convicted of violating Section 2919.22(B)(2) of the Ohio Revised Code:
 (B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:
 . . .
 (2) Torture or cruelly abuse the child.
 {¶ 5} The evidence in this case is legally sufficient to support Mr. Surles's conviction for endangering children under this section. This Court has held that the term "abuse," as used in Section 2919.22(B)(2), means to "ill-use, maltreat; to injure, wrong or hurt." State v.Surles, 9th Dist. No. 23340, 2007-Ohio-2733, at ¶ 12 (quoting State v.Nivert, 9th Dist. No. 16806, 1995 WL 608415 at *2 (Oct. 18, 1995)). This Court has also held that the term "torture," as used in the same section, means:
 (1) the infliction of severe pain or suffering (of body or mind);
 (2) acting upon violently in some way, so as to strain, wrench, distort, twist, pull or knock about.
Id at *3. (quoting Nivert at *2). Finally, this Court has held that to treat a person "cruelly" means to:
 (1) demonstrate indifference to or delight in another's suffering;
 (2) treat severely, rigorously, or sharply.
Id. (quoting Nivert at *2). The culpable mental state required to establish a violation of Section 2919.22 is one of "recklessness."State v. Bray, 9th Dist. Nos. *Page 4 
18375, 18398, 1998 WL 34599 at *2 (Jan. 14, 1998). Under Section2901.22(C) of the Ohio Revised Code, "[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature."
 {¶ 6} Mr. Surles has urged this Court to apply the test used by the Belmont County Court in State v. Albert, 8 Ohio Misc. 2d 13, 14 (1983). In Albert, the court balanced three factors to determine whether a defendant's administration of corporal punishment amounted to endangering children:
 (1) the decision to administer corporal punishment; (2) the method of corporal punishment undertaken; and (3) the results of the punishment as applied; and that each be considered in light of the required culpable mental state of recklessness on the part of the defendant.
 {¶ 7} The defendant in Albert was charged with violating Section2919.22(B)(2) of the Ohio Revised Code, which has since been renumbered as Section 2919.22(B)(3). That section prohibits the use of corporal punishment that "is excessive under the circumstances and creates a substantial risk of serious physical harm to the child." The court noted that its balancing test was derived in part from the content of the corporal punishment statute itself. The court considered the first element of the balancing test — the decision to administer corporal punishment — by examining the conduct of the child and determining whether corporal punishment "was reasonably necessary to preserve discipline." Albert, 8 Ohio Misc. 2d at 15. By considering this element, the court in Albert *Page 5 
essentially recognized the element of the current Section 2919.22(B)(3) that the punishment be "excessive under the circumstances."
 {¶ 8} Mr. Surles, however, was acquitted of child endangering under Section 2919.22(B)(3). His conviction was for child endangering under the current Section 2919.22(B)(2), which does not require the state to prove that the defendant's conduct was "excessive under the circumstances." The Albert test was designed to balance elements of Section 2919.22(B)(3) that simply are not present in Section2919.22(B)(2), because Section 2919.22(B)(2) does not specifically refer to corporal punishment. It refers only to torture and cruel abuse of a child. If this Court were to apply the Albert test to Mr. Surles's conviction, it would necessarily have to consider whether corporal punishment was reasonably necessary to preserve discipline in light of the child's conduct. While the plain text of Section 2919.22(B)(3) may require a court to look to the child's conduct and the need for corporal punishment to determine whether the punishment was "excessive under the circumstances," Section 2919.22(B)(2) requires the court to look only to the defendant's conduct and determine whether it amounts to torture or cruel abuse. It is therefore inappropriate to apply the test used inAlbert to Mr. Surles's conviction.
 {¶ 9} Mr. Surles and his wife admitted that they took turns hitting the two children on their buttocks and lower thighs with a wet leather belt. The physician from Children's Hospital who examined the girls after the incident testified that, *Page 6 
based on the number of marks on the children's bodies, each child was struck between ten and twenty times. He also testified that the use of a wet belt would inflict more pain than a dry belt. Furthermore, the police officer who arrested Mr. Surles testified that Mr. Surles admitted that he told his wife to soak the belt in water so that he could "get a good licking." Although Mr. and Mrs. Surles denied that the belt was deliberately soaked, Mr. Surles admitted that he chose to use a wet belt rather than a dry belt. Viewing this evidence in the light most favorable to the prosecution, a reasonable finder of fact could conclude that Mr. Surles recklessly imposed a punishment that went beyond normal parental discipline and amounted to torture or cruel abuse.
 MANIFEST WEIGHT OF THE EVIDENCE {¶ 10} When a defendant argues that his convictions were contrary to the manifest weight of the evidence, the appellate court must review and weigh all the evidence that was before the trial court:
 [A]n appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten, 33 Ohio App. 3d 339, 340 (1986).
 {¶ 11} Although Mr. and Mrs. Surles testified that they did not intentionally soak the belt in water, Mr. Surles admitted that he and his wife took turns striking the children with a wet belt, using a dry belt to restrain their legs so that they could *Page 7 
not kick Mrs. Surles or avoid the strikes from the belt. Again, the police officer who arrested Mr. Surles testified that Mr. Surles admitted to telling his wife to soak the belt in water so that he could "get a good licking." The strikes from the belt were severe enough to result in deep tissue bruising, or bruising of the muscles as opposed to mere skin bruises. This Court cannot conclude, after weighing the evidence that was before the trial court, that the jury lost its way and created a manifest miscarriage of justice in concluding that Mr. Surles tortured or cruelly abused the children.
 CONCLUSION {¶ 12} Mr. Surles's convictions were supported by sufficient evidence and were not contrary to the manifest weight of the evidence. His assignments of error are both overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 8 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
CARR, P. J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1