The STATE of Ohio, Appellee,

v.

MOTT, Appellant.

[Cite as *State v. Mott,* 179 Ohio App.3d 312, 2008-Ohio-5817.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 08–CA–0021.

Decided Nov. 10, 2008.

Martin Frantz, Wayne County Prosecuting Attorney, and Latecia E. Wiles, Assistant Prosecuting Attorney, for appellee.

Glenn E. Mott, pro se.

DICKINSON, Judge.

## SOME ADVICE

{¶ 1} If you are behind a state trooper who is driving his cruiser 30 miles per hour on a snow-covered road, it is not a good idea to pass. Glenn Mott, apparently never having been so advised, speeded up to 41 miles per hour and passed the cruiser. The trial court convicted him of driving too fast for conditions and fined him $25, plus $52 in costs. This court affirms because Mott's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence and because the trial court's dismissal of a reckless-operation charge against Mott is irrelevant to whether he drove too fast for conditions.

## A THUMPER

{¶ 2} In early March of this year, Wayne County was hit by a blizzard. Mott testified that the storm began on Friday and continued through Saturday morning. He described it as a "thumper."

{¶ 3} By late Saturday morning, Mott and his wife had shoveled the driveway at their home in Orrville. According to Mott, the road in front of their home was plowed and it was a beautiful morning. His wife suggested that it would be a good day for them to run an important errand in Wooster. He suggested that they drive a few blocks to a grocery store in Orrville, and, if that went well, they would go to Wooster. Apparently they were satisfied with road conditions between their home and the grocery store, so they continued to Wooster. After completing their errand and having lunch, they began their trip home, via routes 30 and 57.

{¶ 4} As they were driving 35 miles per hour on Route 30, they came up behind a number of cars following a state trooper in his cruiser. Nobody passed the cruiser. When the trooper reached Route 57, he turned north toward Orrville. Apparently the other cars between the cruiser and Mott went in other directions, and when Mott turned north on Route 57, his car was behind the cruiser. He

remained behind the cruiser until they crossed a railroad track about one-half mile south of Orrville, approximately four miles from the Motts' home. Mott decided to pass.

{¶ 5} As Mott began to pass the cruiser, his wife, who perhaps thought it might not be a good idea, asked, "Are you going to pass?" Mott said yes and told her to watch his speedometer. As he passed, he increased his speed to 41 miles per hour. After Mott returned his car to the right lane, the trooper turned on the overhead lights on his cruiser and pulled Mott over.

{¶ 6} The trooper immediately issued Mott a citation for violating R.C. 4511.21(A), driving too fast for conditions. After later talking with the prosecutor, the trooper issued a second citation to Mott for violating R.C. 4511.20, reckless operation.

{¶ 7} At trial, the trooper testified that he had been driving 30 miles per hour because he believed that it would be unsafe to drive at a higher speed. He said that although the road had been plowed, it remained covered with snow and was slick. He pointed out that the Wayne County Sheriff had declared a level-two snow emergency, which meant that people should be on the road only if they absolutely needed to be. He assured the trial court that he has been passed many times and had not issued the citation just because Mott had passed him. He further assured the trial court that he had not issued Mott the second citation because he had pleaded not guilty to the first citation.

{¶ 8} The trial court found Mott guilty of driving too fast for conditions, but not guilty of reckless operation. In finding him not guilty of reckless operation, the court pointed out that a conviction under R.C. 4511.20 requires a finding of willful or wanton disregard for the safety of persons or property, and it did not believe the prosecutor had proven willful or wanton disregard beyond a reasonable doubt.

## SUFFICIENCY

{¶ 9} Mott's first assignment of error is, in effect, a challenge to the sufficiency of the evidence. Specifically, he has asserted that there was not evidence before the trial court that proved, "beyond a reasonable doubt," that he had operated his car too fast for conditions.

{¶ 10} Whether a conviction is supported by sufficient evidence is a question of law that this court reviews de novo. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541; *State v. West*, 9th Dist. No. 04CA008554, 2005-Ohio-990, 2005 WL 544820, at ¶ 33. This court must determine whether, viewing the evidence in a light most favorable to the prosecution, it would have convinced an

average factfinder of Mott's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 11} The trooper testified that the road where Mott passed him was covered with snow and was slick. He further testified that as Mott was in the process of passing him, he was concerned that Mott's car would begin to slide and cause a collision between the two cars. Mott testified that but for the time he was behind the cruiser or passing it, he had driven 35 miles per hour because of the weather. Viewing the evidence in a light most favorable to the prosecution, it was sufficient to prove that by increasing his speed to 41 miles per hour while passing the cruiser, Mott was driving too fast for road conditions. His first assignment of error is overruled.

## MANIFEST WEIGHT

{¶ 12} Mott's second assignment of error is, in effect, that his conviction is against the manifest weight of the evidence. Specifically, he has asserted that the trial court incorrectly afforded the trooper's testimony too much weight by designating him an "expert." When a defendant argues that his conviction is against the manifest weight of the evidence, this court "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten* (1986), 33 Ohio App.3d 339, 340, 515 N.E.2d 1009.

{¶ 13} At the close of the case, as the trial judge was explaining why she found Mott guilty, she did say that the trooper was "the most expert person here." She further explained, however, that she was really relying on Mott's own testimony: "I do find you guilty of the Speed for Conditions charge. And the reason for that is really based somewhat on your own testimony. The trooper was going thirty miles an hour. The trooper is the most expert person here about what's safe to travel. That's what he felt was safe to travel. You felt thirty-five miles per hour was safe. Can't necessarily say that you are wrong but you didn't think that forty-one was safe and that's what it, in fact, took you to get around the vehicle. Given the conditions on this particular day, you have a choice of going slower [than] you are comfortable with or going faster [than] what's safe for the conditions so you can go the speed that you would really like to travel at. I do think that was a speed that was greater [than] reasonable given the circumstances on this particular day."

{¶ 14} Having reviewed and weighed all the evidence that was before the trial court, this court cannot say that the trial court created a manifest miscarriage of justice by concluding, based on Mott's own testimony, that he had driven too fast

for conditions by speeding up to 41 miles per hour while passing the cruiser. Mott's conviction is not against the manifest weight of the evidence, and his second assignment of error is overruled.

## INCONSISTENT VERDICTS

{¶ 15} Mott's final assignment of error is that the trial court used "uneven logic" by finding him guilty of driving too fast for conditions but not guilty of reckless operation. He has pointed out that in response to a question from the trial court, the prosecutor appeared to express an opinion that reckless operation was "more provable" than driving too fast for conditions. According to Mott, since he was found not guilty of the "more provable" offense, he should have been found not guilty of the "less provable" offense as well.

{¶ 16} Just as inconsistent verdicts on different counts of the same indictment do not justify overturning a conviction, neither do inconsistent verdicts on separate traffic citations. See *State v. Adams* (1978), 53 Ohio St.2d 223, 228, 7 O.O.3d 393, 374 N.E.2d 137, vacated on other grounds (1978), 439 U.S. 811, 99 S.Ct. 69, 58 L.Ed.2d 103. Besides, the verdicts are not necessarily inconsistent. As pointed out by the trial court, reckless operation requires willful or wanton disregard of safety; driving too fast for conditions does not. Reckless operation was not "more provable," regardless of the prosecutor's apparent belief otherwise. Mott's third assignment of error is overruled.

## CONCLUSION

{¶ 17} Mott's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

SLABY, P.J., and WHITMORE, J., concur.