[Cite as *State v. Kirkland*, 2012-Ohio-792.]

STATE OF OHIO          )                  IN THE COURT OF APPEALS
                           )ss:              NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO                    C.A. No.      25923

     Appellee

     v.                          APPEAL FROM JUDGMENT
                                  ENTERED IN THE
JARON R. KIRKLAND            COURT OF COMMON PLEAS
                                  COUNTY OF SUMMIT, OHIO
     Appellant                CASE No.     10 01 0002(B)

DECISION AND JOURNAL ENTRY

Dated: February 29, 2012

---

DICKINSON, Judge.

INTRODUCTION

{¶1} James Anderson agreed to give Jaron Kirkland a ride to a friend's house during a snowstorm. Along the way, Mr. Anderson had to make a stop, but he left the car running so Mr. Kirkland would not get cold. When Mr. Anderson returned a few minutes later, the car was gone. The next day, Mr. Anderson saw Mr. Kirkland driving the car. He called police, who pursued the car until it crashed. Officers followed the footprints of the occupants of the car to a house, where they found and arrested Mr. Kirkland. They also searched the car and found drugs inside of it. The Grand Jury indicted Mr. Kirkland for grand theft, receiving stolen property, reckless operation, failure to comply with the order or signal of a police officer, participating in a gang, driving under suspension, possession of cocaine, possession of marijuana, and obstructing official business. A jury found him guilty of grand theft, receiving stolen property, failure to comply with the order or signal of a police officer, driving under suspension, reckless operation,

and obstructing official business, and the trial court sentenced him to four years in prison. Mr. Kirkland has appealed, arguing that his convictions for failure to comply with the order or signal of a police officer, grand theft, and receiving stolen property are not supported by sufficient evidence and are against the manifest weight of the evidence. We affirm because there was sufficient evidence to support Mr. Kirkland's convictions and they are not against the manifest weight of the evidence.

## SUFFICIENCY

{¶2} Mr. Kirkland's assignment of error is that the trial court incorrectly denied his motion for judgment of acquittal under Rule 29(A) of the Ohio Rules of Criminal Procedure. The language of Mr. Kirkland's assignment of error appears to be incorrect, however, considering that he only moved for judgment of acquittal as to the cocaine, marijuana, and gang activity charges and the jury found him not guilty of those offenses.

{¶3} In the body of his brief, Mr. Kirkland has argued that there was no evidence that he willfully eluded a police officer, that he was the one who stole the car, or that he received, retained, or disposed of stolen property. Accordingly, we will focus our analysis on whether there was sufficient evidence to support his convictions for failure to comply with the order or signal of a police officer, grand theft, and receiving stolen property.

{¶4} Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo. *State v. Thompkins*, 78 Ohio St. 3d 380, 386 (1997); *State v. West*, 9th Dist. No. 04CA008554, 2005-Ohio-990, at ¶33. We must determine whether, viewing the evidence in a light most favorable to the prosecution, it could have convinced the average finder of fact of Mr. Kirkland's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, paragraph two of the syllabus (1991).

{¶5} Regarding Mr. Kirkland's conviction for failure to comply with the order or signal of a police officer, under Section 2921.33.1(B) of the Ohio Revised Code, "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." Mr. Anderson testified that he saw Mr. Kirkland driving the missing car and that he followed it until police arrived. Officer Steven Mohseninia testified that he got behind the car, activated his lights and siren, and pursued the car, which was going twice the legal speed limit, for seven or eight blocks until the driver lost control and the car came to rest against a telephone pole guidewire. Tierra Bryant testified that she was a passenger in the car at the time of the pursuit, that Mr. Kirkland was the driver, that she saw the police cruiser's lights and heard its siren, and that Mr. Kirkland increased the car's rate of speed "tremendously" after the cruiser got behind them. We, therefore, conclude that there was sufficient evidence for the jury to find that Mr. Kirkland fled from police in a motor vehicle after receiving a visual or audible signal to stop the car that he was driving.

{¶6} Regarding Mr. Kirkland's conviction for grand theft, under Section 2913.02(A)(1), "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over . . . property or services . . . [w]ithout the consent of the owner or person authorized to give consent[.]" Mr. Anderson testified that, on January 2, 2010, he had possession of his wife's car while she was out of town. Because he did not have a license, he had a friend driving him around. Mr. Anderson said that he was at a house with friends when Mr. Kirkland, the brother of one of his friends, asked him for a ride. He agreed, so he, his driver, and Mr. Kirkland got into the car. According to Mr. Anderson, before they got to the place Mr. Kirkland wanted to go, they stopped at a house for five to ten minutes. Mr.

Anderson and his driver went into the house, leaving Mr. Kirkland in the car. When Mr. Anderson came out of the house, the car was gone. Mr. Anderson also testified that he saw Mr. Kirkland driving the car the following day. Mr. Anderson said that he never gave Mr. Kirkland permission to drive the car. Viewing the evidence in a light most favorable to the prosecution, we conclude that there was sufficient circumstantial evidence that Mr. Kirkland purposely deprived Mr. Anderson of the car without his consent.

{¶7} Regarding Mr. Kirkland's conviction for receiving stolen property, under Section 2913.51(A), "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." In addition to the circumstantial evidence that Mr. Kirkland took the car without permission, Mr. Anderson and Ms. Bryant testified that they saw Mr. Kirkland driving the car the next day. Officer Mohseninia also testified that, after Mr. Kirkland was arrested, Mr. Kirkland "uttered that he wasn't driving any type of stolen car." At the time of the utterance, Officer Mohseninia had not said anything to Mr. Kirkland about whether he had been driving or whether a stolen car was involved. Following the utterance, Mr. Kirkland asked if Ms. Bryant had also been arrested. When he learned that she had been, Mr. Kirkland told the officer that he did not want Ms. Bryant "taking the rap for it. I drove the car." We, therefore, conclude that there was sufficient evidence that Mr. Kirkland retained property knowing that it had been obtained through the commission of a theft offense.

{¶8} The State presented sufficient evidence to convict Mr. Kirkland of failure to comply with the order or signal of a police officer, grand theft, and receiving stolen property. To the extent that Mr. Kirkland's assignment of error is that his convictions are not supported by sufficient evidence, it is overruled.

## MANIFEST WEIGHT

{¶9}   Mr. Kirkland has also argued that his failure to comply with the order or signal of a police officer, grand theft, and receiving stolen property convictions are against the manifest weight of the evidence.  If a defendant argues that his convictions are against the manifest weight of the evidence, this Court "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction[s] must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App. 3d 339, 340 (1986).

{¶10}  Mr. Kirkland has not pointed to any evidence suggesting that Mr. Anderson, Ms. Bryant, and Officer Mohseninia were not credible.  While Mr. Kirkland's trial lawyer asked Mr. Anderson on cross-examination whether he had loaned the car to Mr. Kirkland in exchange for drugs, Mr. Anderson noted that he had a history of drug trafficking and that, "if I needed [drugs], I could have went into my own stash."  Officer Mohseninia's testimony that Mr. Kirkland admitted having driven the car was corroborated by Officer David Rouse, who said that he also heard Mr. Kirkland say that he had been the one driving the car after learning that Ms. Bryant had been arrested.

{¶11}  We have reviewed the record and conclude that the jury did not lose its way when it found Mr. Kirkland guilty of failure to comply with the order or signal of a police officer, grand theft, and receiving stolen property.  To the extent that Mr. Kirkland's assignment of error is that his convictions are against the manifest weight of the evidence, it is overruled.

CONCLUSION

{¶12} Mr. Kirkland's convictions are supported by sufficient evidence and are not against the manifest weight of the evidence. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

———

CLAIR E. DICKINSON
FOR THE COURT

CARR, P.J.
BELFANCE, J.
CONCUR

APPEARANCES:

RHONDA L. KOTNIK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Proseucting Attorney, for Appellee.